# | Bennet *against* Reed.

A *scire facias quare executio non* was issued against' two defendants, one only of whom was served with process, and he appeared. An *alias* writ was issued with a like result. Judgment was then signed against the party not served, for want of an appearance. Subsequently, judgment was signed against him who appeared, for want of an affidavit of defence; and the judgment against both was liquidated on the same day by the prothonotary: *Held*, that the proceedings were entirely regular.

Final judgment on an inquisition, or liquidation by the prothonotary, is seldom formally entered, though it may be done at any time on application to the court.

ERROR to the court of common pleas of *Erie* county.

Charles M. Reed against John E. Norcross and Eleazar C. Bennet. This was a *scire facias quare executio non* to revise judgment No. 147, August term, 1834, which was served upon Bennet, and "*nihil*" as to Norcross. An *alias scire facias* was issued upon which the same return was made. In each writ Foster appeared for Bennet. May 11, 1838, Watts, for plaintiff, signed judgment against Norcross for default of appearance; on the 14th of November, 1839, he signed judgment against Bennet for want of an affidavit of defence. And on the same day judgment was liquidated at 334 dollars 16 cents, which the court below (Eldridge, president) refused to set aside.

[Bennet v. Reed.]

*Babbit*, for plaintiff in error, cited 2 *Serg. & Rawle* 280; 1 *Watts* 126; 5 *Watts* 332; 1 *Rawle* 391; 7 *Watts* 86; 1 *Watts* 54; 2 *Serg. & Rawle* 142.

*Pearson*, for defendant in error, cited 1 *Penn. Prac.* 242, 417; *Arch. Prac.* 9–10, 20; 6 *Serg. & Rawle* 412.

PER CURIAM.—The judgment was entirely regular. Where one of two defendants is in default, it is necessary to sign judgment against him, in order to proceed against the other. But such judgment is interlocutory; and the venire which subsequently is *tam triandum*, as to the one, *quam inquirendum* as to the other; and when a verdict is returned upon it against both, final judgment is consequently rendered against both. Here there was no venire, judgment being rendered for a subsequent default against the other also. These interlocutory judgments were afterwards liquidated, and whether by inquest or by the prothonotary under the guidance of the court, is immaterial. By our practice, final judgment on an inquisition, or liquidation by the prothonotary, is seldom formally entered, though it might be done at any time, if required, on an application to the court. The award of an execution on a *scire facias quare executio non*, is the appropriate judgment by the English practice, and in a case like the present it may be well taken for a final judgment against both. The plaintiff in error would be estopped from saying that final judgment had not been rendered, for without it, his writ of error would have issued improvidently.
Judgment affirmed.