# Weikel *et al. versus* Long.

1. Judgment was entered against two defendants for a sum named; a sci. fa. to revive being issued, both appeared and confessed judgment with release of errors; one for "the sum due" and afterwards the other for a sum specified; the prothonotary subsequently liquidated the judgment of the first at the amount confessed by the second. *Held,* the confession of the first left the liquidation in the hands of the court, and the liquidation of the prothonotary was the legitimate act of the court.

2. The confession of judgment at different dates was good, the first was interlocutory and the prothonotary had a right to liquidate at the time of the latter, which made but one final judgment.

3. The liquidation at the date of the first judgment was amendable, but it was no error under the Act of August 2d 1842, §§ 6, 7.

4. The common-law theory on the subject of actions against joint debtors and judgment defendants has, been deranged by legislation from 1830 to 1862.

5. The judgments were by confession and the assignment of breaches was not necessary, as the defendants were presumed to be cognisant of breaches.

6. The confession was the voluntary act of the defendants and not reversible on error; the liquidation being within the corrective power of the court below.

7. A judgment by warrant of attorney is not within the stat. 8 & 9 Wm. 3, ch. 11, § 8. Without any suggestion of breaches an execution may issue, by simply marking the sum to be collected on the execution.

8. Interest is allowed upon a penalty where it is necessary to protect that which it was given to secure.

[Weikel v. Long.]

·January 31st 1867.　Before Woodward, C. J., Thompson, Strong, Read and Agnew, JJ.

Error to the Court of Common Pleas of *Northumberland county.*

On the 14th of April 1858, a judgment, Samuel Long against John Weikel and Henry Long, was entered in the Court of Common Pleas of Northumberland county, on a bond, with warrant of attorney, dated "the 31st day of March 1858, for the sum of $400, conditioned that the above-named Henry Long and John Weikel shall and do well and truly pay unto David Billman and Daniel Schlig, guardians of two minor children of George Long, deceased, the amount which is secured to said Billman and Schlig, by bond or bonds, as guardians, with stay of execution and release of errors."

A scire facias was issued to August Term 1863, " to revive judgment and continue lien, &c.　Debt $400, interest from March 31st 1838."

In this scire facias are the following entries of record:

" And now, to wit, 9th April 1863, John Weikel, one of the defendants above stated, appears to the above sci. fa. and confesses judgment of revival for the sum due in favor of plaintiff above named, and against himself, with interest, costs of suit, and release of errors, and a continuation of the original lien, according to law.　Witness my hand and seal the day and year above mentioned.

　　　　　　　　　　　　　　　　　　　　　　his
　　　　　　　　　　　　　　　　" John　　×　　Weikel.
" Cor. D. Beckley."　　　　　　　　　　mark

" And now, to wit, August 18th 1863, Henry Long, one of the defendants above named, hereby appears to the above-stated writ of sci. fa., and confesses judgment in favor of plaintiff above named, against him for the sum of five hundred and twenty dollars and fifty-three cents, with interest from April 9th 1863, with costs of suit, and release of all errors.　Witness my hand and seal the day and year aforesaid.　　　　　H. B. Long."

A fi. fa., No. 9, to January Term, having been issued on the judgment, Weikel applied to have it set aside.

The court (Jordan, P. J.) set it aside January 18th 1864, saying, " There is no judgment against him for any specified amount.　The amount due from him must be ascertained in some way, and stated on the record.　The extent of his liability is not properly before us."

Afterwards the following entry was made on the record :—

" And now, to wit, February 5th 1864, the prothonotary, at the instance of plaintiff's attorney, ascertains the amount due upon the above-stated judgment at the date of the confession and entry

[Weikel *v.* Long.]

of the judgment against John Weikel, to wit, April 9th 1863, to be $520.50, and so enters the same as the amount due upon said confession of judgment by the said John Weikel.

"J. J. REIMENSNYDER, Proth'y."

Weikel afterwards presented a petition to Judge Jordan, setting forth the execution and delivery of the bond and warrant by himself and Henry Long; that the object of the bond was to indemnify Samuel Long against the bonds therein mentioned, and that he had not been compelled to pay any money on account of them; that the original judgment was not intended to bear interest; that the judgment in the scire facias is interlocutory, and no amount has been legally ascertained; that he had paid part of the money on the bonds against which the bond in question had been given as indemnity; that the petitioner is unable to read; was deceived at the time of the revival, and confessed the judgment for the original amount with interest through mistake, and prayed the judge to stay proceedings until the next court, that proceedings might be had for the relief of the petitioner. On the 18th of February 1864 the judge stayed the proceedings until the 20th, which time he appointed for a hearing.

On the 23d of September 1865 the court made this order: "The judgment is sustained, but the court will hear proof as to alleged payments."

The order of the court was assigned for error.

*J. W. Comly*, for plaintiff in error, cited Eldred *v.* Hazlett, 2 Wright 32; Robeson *v.* Whiteside, 16 S. & R. 320; Burr *v.* Todd, 5 Wright 206; Gray & Crosby, 18 Johns. R. 219; Commonwealth *v.* Forney, 3 W. & S. 358; Curry *v.* Larer, 7 Barr 470; Martin *v.* Taylor, 1 W. C. C. R. 1; Massey *v.* Scholl, 1 P. C. C. R. 132, 135; 2 T. & H. Prac. 73; Dick *v.* Gaskill, 2 Whart. 187; Lewis *v.* Smith, 2 S. & R. 142; O'Neal *v.* O'Neal, 4 W. & S. 130; Williams *v.* McFall, 2 S. & R. 280; Cridland *v.* Floyd, 6 S. & R. 412; Beltzhoover *v.* Commonwealth, 1 Watts 126; Shively *v.* U. S., 5 Watts 332; Nelson *v.* Lloyd, 9 Watts 24; Breidenthal *v.* McKenna, 2 Harris 160; Day *v.* Brawley, 1 Barr 429; Noble *v.* Laley, 14 Wright 284; Holden *v.* Bull, 1 Pa. R. 460; Harger *v.* Commissioners, 2 Jones 251; Thornton *v.* Bonham, 2 Barr 102.

*J. B. Packer*, for defendant in error, cited Act of August 2d 1842, Purd. 577, pl. 36, Pamph. L. 459; 3 Chitty's Practice 522; Sloman *v.* Gregory, 1 Dowl. & Ryl. 181; Ramsey *v.* Linn's Ex'r., 2 Rawle 229; Buehler's Heirs *v.* Buffington, 7 Wright 293; 1 Troub. & Haly 148; 3 Wils. 61; 2 Id. 372; 1 Doug. 316, n.; Gould *v.* Hamersley, 4 Taunt. 148; Berthen *v.* Street, 8 T. R. 326;

[Weikel v. Long.]

Byrom v. Johnson, Id. 410 ; Robinson v. Cook, 6 Taunt. 336 ; Bank United States v. Thayer, 2 W. & S. 449 ; Noble's Admr. v. Laley, 14 Wright 284 ; Lewis v. Smith, 2 S. & R. 155 ; Gray's Heirs v. Coulter, 4 Barr 188 ; McCann v. Farley, 2 Casey 173 ; Statute 8 & 9 Wm. 3, ch. 11, § 8 ; Act of 1700, § 2, Purd. p. 577, pl. 33, 1 Sm. Laws 7 ; Fitzgerald v. Caldwell, 4 Dall. 252 ; Commonwealth v. Vanderslice, 8 S. & R. 452 ; Meason's Estate, 5 Watts 464 ; Fries v. Watson, 5 S. & R. 220 ; Perit's Executrix v. Wallis, 2 Dall. 252 ; Boyd v. Boyd, 1 Watts 365 ; Harris v. Clap, 1 Mass. 308.

The opinion of the court was delivered, March 11th .1867, by

AGNEW, J.—Presenting the true character of this case, the objections to it disappear, and the authorities cited are found to be inapplicable.

The original judgment was entered under a warrant of attorney ; and to the sci. fa. both defendants appeared and confessed judgment *with a release of all errors ;* John Weikel for *the sum due,* thereby leaving the liquidation in the hands of the court, and Henry Long for the specific sum $520.50, at which the previous judgment confessed by Weikel was liquidated by the prothonotary, as of the date of his confession.    The whole proceeding was amicable, and the liquidation of the officer was the legitimate act of the court.

Weikel and Long confessed judgment as of different dates. What of this ?    It was good at common law, under the Pennsylvania practice, for Weikel's judgment was interlocutory, and the prothonotary had a right to liquidate it at the time of Long's confession, making but one final judgment : Noble's Administrator v. Laley, 14 Wright 281.    The liquidation of the prothonotary as of the date of the first judgment, being the act of the court, was clearly amendable.    But this is no error.    The case coming directly within the letter and spirit of the 6th and 7th sections of the Act of 2d August 1842, curing the entries of several judgments in the same case, and giving a rule both for execution and revival.

Indeed, the whole common-law theory on the subject of actions against joint debtors, partners and judgment-defendants has been deranged by legislation, beginning in 1830 and ending in 1862 : Bright. Purd. 1861, p. 808, and Supplement, p. 1282.

It is argued that there being no breaches assigned, the judgments are erroneous.    But the judgments were by confession, and the defendants were therefore presumed to be cognisant of the breaches ; and the only difference between the interlocutory and the final judgment is that the defendant in the former left its liquidation directly in the hands of the court.    It is the voluntary act of the defendant, and not reversible on error, the liquidation, if erroneous, being within the corrective power of the

5 P. F. SMITH—16

[Weikel *v.* Long.]

court below. And it is well settled that a judgment under a warrant of attorney is not within the letter or reason of the statute of 8 & 9 Wm. 3, cap. 11, § 8. This is well shown in McCann *v.* Farley, 2 Casey 173. Without any suggestion of breaches, an execution may be issued on a final judgment confessed by warrant of attorney, by simply marking the sum to be collected on the execution.

The court will control the execution to prevent injustice. This case is made stronger by the confession, which commits the liquidation directly to the court, before execution can issue.

The right of the prothonotary to exercise the power of the court to liquidate judgments, whether by default or confession, is firmly established: Watkins *v.* Phillips, 2 Whart. 209; Bank U. S. *v.* Thayer, 2 W. & S. 443; Lewis *v.* Smith, 2 S. & R. 142; Bennett *v.* Reed, 10 Watts 396; Harger *v.* Coms. Washington Co., 2 Jones 251; Noble *v.* Laley, 14 Wright 284.

The fact that the judgment was liquidated at the penalty and interest of the bond and judgment upon it, is not a patent error. The penal sum was to secure payment of certain debts referred to, but not specified in the condition of the bond, *non constat* that the debts referred to do not amount to the sum at which the judgment was liquidated. If not, the remedy is an application to the court to correct the liquidation. Indeed, the judge below, while affirming the judgment, said he would hear proof of payments.

Interest is allowed upon a penalty where it is necessary to protect that which it was given to secure: Boyd *v.* Boyd, 1 Watts 369; Perit's Executor *v.* Wallis, 2 Dall. 252. A judgment bears interest by express statute, and here judgment was entered within nine days after the date of the bond. If there be an error of calculation or of liquidation, the court below may correct it, but we see no error in the record.          Judgment affirmed.