# Dingman *et al. versus* Amsink *et al.*

1. In a suit on negotiable paper, after the defendant has proved that it was obtained from him and put into circulation by fraud, he may call upon the plaintiff under notice to show that he·is a bonâ fide holder for value.

2. The want of consideration between the original parties is not sufficient for that purpose.

3. The failure of the consideration will not affect the negotiability of a note.

4. The plaintiff sold goods to defendant under a contract that if unsatisfactory they were to be returned; defendant gave a note for the whole amount; he returned some goods. In a suit on the note by an endorsee, this would not be a defence after notice ; the presumption was that the note being in commercial form was intended for circulation, and the defendant relied on his contract for security against defect in the goods.

5. One of joint debtors died pending a suit in which both were served ; on motion of plaintiff the administrators were substituted and the suit proceeded to trial and judgment against the administrators and surviving defendant jointly. *Held* to be correct, under the Act of March 22d 1861.

6. The execution against decedent's estate, as to the goods in the hands of the administrator or to charge his real estate, would be subject to the provisions of the 33d and 34th sections of Act of February 24th 1834.

7. Albrecht *v.* Strimpler, 7 Barr 476, remarked on.

November 12th 1874.   Before AGNEW, C. J., SHARSWOOD, MERCUR and GORDON, JJ.

Error to the Court of Common Pleas of *Crawford county :* Of October and November Term 1874.

This was an action of assumpsit, brought March 27th 1873, by L. E. Amsink & Co. against D. C. Clark and J. H. Dingman, partners as Clark & Dingman.

The cause of the action was two promissory. notes, copies of which were filed, as follows :—

" [$352.]                 ·          Titusville, Pa., Oct. 30th 1872.
Four months after date, for value received, we promise to pay to the order of Messrs. Thos. J. Raynor & Co., three hundred and fifty-two dollars, at the Producers' and·Manufacturers' Bank, with exchange.                          CLARK & DINGMAN."
Endorsed : " THOS. J. RAYNOR & Co.
          L. E.⋎AMSINK &⋎Co.
          For⋏ collection ⋏ "

" $502.                          Titusville, Pa., Nov. 15th 1872.
Four months after date, for value received, we promise to pay

[Dingman *v.* Amsink.]

to the order of Messrs. Thos. J. Raynor & Co. five hundred and two dollars, at the Producers' and Manufacturers' Bank.

CLARK & DINGMAN."

Endorsed: "THOS. J. RAYNOR & CO.

L. E. ⋀AMSINK &⋀CO.

For⋀ collection ⋀ "

The latter endorsement on each note was cancelled by ink lines.

The defendants filed an affidavit of defence; to wit :—

"The notes in suit were given by defendants to Thomas J. Raynor & Co. for goods purchased by defendants of them, and defendants allege that the plaintiffs only hold said notes for collection for said Raynor & Co., and are not bonâ fide purchasers thereof, for value, without notice of any set-off against the same.   When said goods were purchased by defendants, said Raynor & Co. expressly agreed with them, as a condition of said purchase, that if defendants did not find said goods (being cigars) satisfactory in all respects, they, the said defendants, were to have the privilege of returning them, or any part of them not found satisfactory in quality ; and on receipt of said goods, defendants returned of the same, to said Raynor & Co., cigars amounting, at cost price, to the sum of $317.   And further, that said bill of cigars so purchased was short in quantity, when shipped and received, to the amount of twelve dollars and fifty cents, making a total of credit or set-off defendants are entitled to from the face of plaintiffs' claim of $329.50, and they hereby tender a judgment for the balance of plaintiffs' claim as filed."

On the 31st of December, on motion of plaintiffs, the death of D. C. Clark, one of the defendants, was suggested, and Almira D. Clark and C. M. Hayes, his administrators, substituted.

The case was tried February 6th 1874, before Lowrie, P. J.

The plaintiffs gave in evidence the promissory notes and rested.

The defendants then made the following offers, both of which were rejected and several bills of exception sealed.

1.  To prove failure of consideration as between the original parties to the notes, of which failure the plaintiffs have notice by the affidavit of defence filed in the cause, as well as of the allegation therein, that the plaintiffs hold the notes for the benefit of the payees.

2.  The erased endorsements as evidence that the plaintiffs do not hold the notes as owners.

The verdict was for the plaintiffs for $896.09.

The defendants took a writ of error.

They assigned for error :—

1, 2.  The rejection of their offers of evidence.

3.  Allowing plaintiffs' motion to substitute the administrators

[Dingman *v.* Amsink.]

of the deceased defendant as co-defendants with the surviving partner.

4. Entering judgment generally against the surviving defendant and the administrators of the deceased defendant.

*B. J. Reid* (with whom was *J. A. Neill*), for plaintiffs in error. —The notice to a holder of negotiable paper to prove that he is a bonâ fide holder for value is met by a substantial compliance; there is no technical form : Albietz *v.* Mellon, 1 Wright 367 ; Phelan *v.* Moss, 17 P. F. Smith 66 ; Dickson *v.* Primrose, 2 Miles 366. Striking off an endorsement by the endorsers means a re-assignment of their interest ; and in this case was evidence that the endorsees held it for some special purpose: Dugan *v.* United States, 3 Wheaton 183 ; Pickel *v.* Curtis, 1 Sumner 478 ; Lonsdale *v.* Brown, 3 W. C. C. 404. As to the joinder of the administrators, &c., of the deceased defendant with the surviving defendant they cited Insurance Co. *v.* Spang, 5 Barr 113 ; Hoskinson *v.* Eliot, 12 P. F. Smith 393 ; Meese *v.* Levis, 1 Harris 386 ; Maher *v.* Ashmead, 6 Casey 344.

*R. Sherman*, for defendants in error.—The affidavit of defence was not notice to plaintiffs to prove they were bonâ fide holders for value : Beltzhoover *v.* Blackstock, 3 Watts 20 ; Knight *v.* Pugh, 4 W. & S. 445.

By Act of February 24th 1834, sect. 26, Pamph. L. 77, 1 Br. Purd. 424, pl. 94, executors and administrators have power to prosecute and defend actions. By Act of March 22d 1861, sect. 1, Pamph. L. 1861, Br. Purd. 29, pl. 12, when in an action against joint debtors, &c., one has died pending the suit, it shall proceed to judgment and execution against the estate as if it had commenced against the decedent alone.

Mr. Justice GORDON delivered the opinion of the court, May 10th 1875.

The view we take of this case renders it unnecessary for us to decide what the effect of the affidavit of defence would be, as notice to put the holder of the note upon proof of consideration, supposing it to set forth that which would be sufficient for that purpose. After the defendant has proved that the note or bill was improperly obtained from him and put in circulation by fraud, he may call upon the holder, plaintiff, under notice, to show that he is a bonâ fide holder for value. But the mere absence or failure of consideration between the original parties, is not sufficient for that purpose: Albrecht *v.* Strimpler, 7 Barr 476. The defendants' affidavit set forth that the note in controversy was given by them for goods purchased of Raynor & Co., under an agreement made at the time, that if the goods were not satisfactory, they were to have the

[Dingman v. Amsink.]

privilege of returning the whole or any part of them. That not proving satisfactory they did return part of them, and that said goods were short in quantity. Here; at best, is but a partial failure of consideration and the breach of a contract, neither of which, in the least, affected the negotiability of the note. The presumption is, that, as the paper was in the ordinary commercial form, it was intended for negotiation, and that the maker relied upon his contract to secure himself against any defect in .the goods; obviously, therefore, the defendant did not bring himself within the rule, as stated in Albrecht v. Strimpler, and hence has not a meritorious defence.

Some question has been raised with reference to the incongruity of the judgment in this case, it having been rendered against Dingman and the administrators of D. C. Clark, deceased. The suit was commenced and the summons served during Clark's life. On the 13th of December 1873, the death of Clark was suggested and his administrators substituted. Previously to the Act of March 22d 1861, if we assume the correctness of the doctrine announced in Miller v. Reed, 3 Casey 248, the estate of Clark, in consequence of his decease during the pendency of the joint action, would have been released from all obligation on the joint note. The act above mentioned was passed to meet and remedy cases of this kind. It reads thus : " That in no case now pending, or that may hereafter be brought, on any joint contract, note, debt or obligation, whether the same has been or may be commenced by summons, scire facias, or otherwise, shall the courts of this Commonwealth entertain any plea or defence upon the part of any heir. or heirs, executor or executors, administrator or administrators, that one or more of said joint obligors, contractors, debtors or promissors, has deceased, since the commencement of or pending suit; but the same shall be proceeded in to judgment and execution against the estate of such decedent, as though the said suit or suits had been commenced against the decedent alone."

Now the rule as stated in the case of Miller v. Reed, citing the language of Judge Sergeant, in the case of Walter v. Ginrich, 2 Watts 204, is this: " The holder of a joint and several bond may elect to bring a separate action against each obligor or a joint action against all. If he proceeds by separate actions, the executor of a deceased defendant, as well as the survivor, continues liable. But if he joins all the parties, and one of them dies, pending the suit, the remedy against the assets of the deceased is terminated, and the survivor alone is responsible."

Now we might, without doing any very great violence to the act, limit its operation to the curing of the defect, in the old law, as pointed out by the above case. In that event its effect would be to prevent a plea in abatement upon a suit, brought against the executor or administrator after the death of a joint

[Dingman *v.* Amsink.]

obligor, who had been sued, during his lifetime, with his co-obligor.

This, however, would be, as we conceive, an unnecessary distortion of the act, for the mere purpose of saving a technicality that subserves no good purpose. As this case now stands, we have judgment, as well against the administrators of the decedent, as against the living obligor, and thus the expenses and costs of a second suit are saved. Again, the incongruity of such a judgment is but imaginary. There is certainly no difficulty in enforcing it. Had the death occurred immediately after judgment, its position with reference to collection would have been precisely what it is now, and yet we apprehend no lawyer would feel much embarrassment over a case of that kind. So in the revival of the liens of judgments and the foreclosure of mortgages, we find no practical difficulty in collecting judgments obtained generally against living persons and the estates of decedents. The tendency of our laws has been, to avoid, as far as possible, the multiplicity and circuity of actions, and to abolish such technicalities as stand in the way of prompt justice.

We may here observe, that the joint execution, as against the estate of decedent, should be levied on the goods of such estate, found in the hands of the executor or administrator, subject to the provisions of the Act of 1834; or if it is desired to charge the real estate, in the possession of the widow and heirs, the process directed by the 34th section of said act may be pursued. If any serious difficulty should be found to occur from the ordinary forms of the writs now in use, this court can, under the 3d section of the Act of June 1836, provide such new or modified forms as may be required to meet the exigency.

We think, however, this will not be found to be necessary.

Judgment affirmed.