## Githers et al. *v.* Clarke et al., Appellants.

*Corporations—Deceased directors—Action—Parties.*

If the directors of a corporation are jointly liable for the debts of the corporation and one of them dies before suit brought, his executor cannot be sued jointly with the survivors, and, if he dies after suit brought against all of them, it is optional with the plaintiffs to bring in his administrator or proceed against the survivors without doing so.

*Corporation—Statement of condition—Personal liability of directors—Affidavit of defence.*

The charter of a corporation, granted by act of April 14, 1868, P. L. 100, provided that if the directors failed to make an annual statement of the nature and character of the property of the association, or if they made a false statement, they should be liable for the debts of the corporation. The directors made no statement for three years. They then published a statement, in lumping items only, on the face of which the company was solvent. As a matter of fact the company was insolvent at the time, and two days afterwards a receiver was appointed. In an action against the directors, defendants filed an affidavit of defence in which they averred that they had made the statement with ordinary care and prudence, and in the belief that the association was solvent. *Held*, that the affidavit was insufficient to prevent judgment, as the delay in making the statement and its defective character brought the directors within the personal liability clause of the statute.

Argued Oct. 9, 1893. Appeal, No. 290, Oct. T., 1892, by defendants, W. D. Clarke et al, from order of C. P. Beaver Co.

June T., 1891, No. 409, making absolute rule for judgment for want of sufficient affidavit of defence by W. D. Clark et al., directors of Workingmen's Coöperative Assn. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and THOMPSON, JJ.

Rule for judgment, for want of sufficient affidavit of defence, in assumpsit against directors of corporation to hold them personally liable for debts of company. Before WICKHAM, P. J.

Plaintiffs' statement claimed to recover for a bill of goods sold in March and April, 1890, to the corporation. It further averred: "The directors of said association in 1888 filed a statement in writing in the recorder's office, purporting to show the condition of its affairs on Dec. 31, 1887, so it became the duty of all subsequent boards to file a statement showing the condition of its affairs on Dec. 31st, in each year thereafter, including Dec. 31, 1889. No such statement was filed on or near the last named date; and none thereafter until May 26, 1890, when said association was insolvent, and only two days before a receiver was appointed, a statement was filed pretending to show the condition of its affairs on Feb. 28, 1890, which statement is as follows, to wit:

| | | |
|---|---|---|
| No. of shares authorized capital, at $5.00, . . | $20 | 000 |
| No. of shares issued 1740, and paid for at $5.00, | 8 | 950 |
| No. of stockholders at this date, . . . | | 175 |
| Greatest No. of certificates issued to any one person, | | 50 |

ASSETS.

| | | |
|---|---|---|
| Inventory of stock on hand, . . . | $11,103 | 65 |
| Amount on books due and in bank, . . | 3,786 | 49 |
| Furniture and fixtures, . . . . | 1,027 | 08 |
| Stock in New Brighton branch store, . . | 3,407 | 37 |
| Cash on hand, . . . . . . | 45 | 43 |
| Total, . . . . | $19,672 | 29 |

LIABILITIES.

| | | |
|---|---|---|
| Amount capital stock paid up, . . . | $8,950 | 00 |
| Bills payable, not due, . . . . . | 2,868 | 40 |
| Sundry accounts due and not due, . . | 7,767 | 81 |
| Unpaid dividends last year, . . . . | 86 | 08 |
| Loss for year, . . . . . . | 302 | 27 |
| Total, . . . . | $19,672 | 29 |

" Which statement is defective and false and not a compliance of the act of April 14, 1868, P. L. 100, under which they were incorporated and pretending to be acting."

The material portions of the act of April 14, 1868, P. L. 100, are as follows :

" Section 5. The board of directors shall annually make a statement in writing of the condition of the association, setting forth the amount of capital stock, the number of shares issued and the par value thereof, the number of stockholders, together with the greatest number of shares held by any one stockholder, the amount and character of the property of the corporation, and of its debts and liabilities; and said statement shall be signed and sworn to by a majority of the directors, including the treasurer, and the same shall be recorded in the office of the recorder of the proper county, and immediately afterwards filed in the office of the auditor general."

" Section 8. If the board of directors fail to make the annual statement required by this act, or if they make a false statement, they shall be liable for all debts of the corporation."

Defendants filed an affidavit of defence which averred: " Said suit was brought against all of the directors, but in the declaration filed in the case the name of S. G. Clifton is omitted as one of the defendants. That although the said Clifton is deceased, yet, this action being a joint one, an administrator should have been raised up and joined with the others of said defendants, and, because this was not done, this action must fail. That for a further defence, the defendants aver ·that a statement, such as was required by the act of assembly in such case, was filed during the year for which the board of directors as aforesaid were elected, and it is distinctly averred that the statement filed was neither false nor defective, but was made with ordinary care and prudence. That defendants believed, at the time of the making of the said statement, that said association was solvent and was as so represented therein, and said statement so made was in accordance with the requirements of the act of assembly in such case made and provided, and was filed without unreasonable delay. They further aver that they discharged the duties of their office with fidelity, care and prudence. All of which they expect to prove on the trial of the case."

The directors, defendants, were elected in February, 1890.
Rule for judgment made absolute.   Defendants appealed.

*Error assigned* was order as above.

*W. S. Moore, John M. Buchanan, William B. Cuthbertson, A.
S. Moore* and *Frank S. Reader, Jr.*, with him, for appellant,
cited: Banks v. Darden, 18 Ga. 318 ; Van Etten v. Eaton, 19
Mich. 187 ; Thompson, Liability of Corporation Officers, p. 432,
§ 2, p. 439 ; Boughton v. Otis, 21 N. Y. 261 ; Quarry Co. v.
Bliss, 27 N. Y. 297 ; Whitney Arms Co. v. Barlow, 63 N. Y.
62 ; Darney v. Stephens, 46 N. Y. 681 ; Kinsley v. Rice, 10
Gray, 325 ; Johnson v. Churchwell, 1 Head, 146.

*Roger Cope, John Sparhawk, Jr.*, with him, for appellee, cited,
Ash v. Guie, 97 Pa. 493 ; Act of April 14, 1868, P. L. 100.

Opinion by Mr. Justice McCollum, December 30, 1893 :
This is a judgment entered for want of a sufficient affidavit
of defence.   The defendants therein are the appellants here,
and in 1890 they were directors of the Workingmen's Co-
operative Association of Beaver Falls, Pa., which was duly in-
corporated in February, 1887, under the act of April 14, 1868,
P. L. 100.   By the 5th section of this act the directors were
required to make an annual statement in writing signed by a
majority of them, "including the treasurer," showing the con-
dition of the association and "setting forth the amount of capi-
tal stock, the number of shares issued and the par value thereof,
the number of stockholders together with the greatest number
of shares held by any one stockholder, the amount and char-
acter of the property of the corporation and of its debts and
liabilities ; " and by the 8th section thereof they became liable
" for all debts of the corporation," if they failed to make such
statement or if they made a false statement.   In May, 1890, the
association passed into the hands of a receiver.   It was indebt-
ed to the plaintiffs below, and appellees here, in the sum of
$216.64 for merchandise sold and delivered during the months
of March and April in that year.   It was hopelessly insolvent,
although two days before the receiver was appointed the direct-
ors made a statement by which it appeared that its assets were

sufficient to meet its liabilities.    The appellees having established their claim before the auditor appointed to distribute the fund belonging to the creditors of the association on settlement of its affairs, received a dividend which reduced its indebtedness to them to the sum of $191.44, for which amount, with interest thereon from June 20, 1890, they recovered a judgment in the court below.    In their declaration or statement the matters essential to the maintenance of the action were duly set forth, and these, unanswered, entitled them to the judgment they obtained.    Inasmuch as the material averments of the statement which are not denied in the affidavit of defence must be accepted as true, it appears from the pleadings that the association was indebted to the appellees in the amount claimed by them, that it was insolvent on or before February 28, 1890, and that from December 31, 1888, to May 26, 1890, its directors failed to make any statement of its condition.

But the appellants contend that their affidavit contained a good defence because it averred that, while the suit was brought against all the directors and the writ was returned mortuus est as to one of them, it could not be maintained without joining and declaring against his administrator with the other defendants ; that a statement which " was neither false nor defective but was made with ordinary care and prudence " was filed by them during the year they were elected directors, and that when they filed it they believed the " association was solvent and was as so represented therein."

It is enough to say of the first branch of their defence, that if the directors were jointly liable for the debts of the corporation, and one of them died before suit brought, his executor could not be sued jointly with the survivors, and if he died after suit brought against all of them, it was optional with the plaintiffs to bring in his administrator or proceed against the survivors without doing so: Chitty on Pl. 42–50 ; Am. & Eng. Ency. of Law, vol. 17, page 580, and cases cited ; Dingman v. Amsink, 77 Pa. 114 ; Ash v. Guie, 97 Pa. 493.

As to the other branch of their defence, it is quite clear that their belief that the corporation was solvent was no excuse for their failure to make an earlier statement, and that " ordinary care and prudence " in making it when they did cannot relieve them from the liability incurred by their delay.    They were

chargeable with knowledge of the condition of the association, and they ought to have made a true and intelligible statement of it in conformity with the act of assembly. It was a duty the association owed to the public, and the default of their predecessors should have hastened their performance of it. But they neglected to make any statement for three months and until the association was about to pass into the hands of a receiver, and when they did make one it was deceptive. It did not set forth with reasonable particularity the " nature and character of the property of the corporation." It represented the association as solvent when in fact it was not able to pay more than ten per cent of its liabilities. It may be true that the directors believed the corporation was solvent, and that its assets were as valuable as represented, but it is very evident that their belief was not warranted by the facts, nor consistent with the knowledge of its affairs which the law imputes to them. We conclude that their delay in making the statement, and the defective and misleading character of it, brought them fairly within the personal liability clause of the statute.

The specifications of error are overruled.

Judgment affirmed.