## Strause *v.* Braunreuter.

*Action against joint defendants—Effect of death of one defendant.*

Literally and strictly, upon the death of a party to the record, jointly sued with others, the further progress of the action against his estate is the same as if he had been sued separately, but a liberal construction of the Act of March 22, 1861, P. L. 186, permits the plaintiff to bring in the executor or administrator and proceed against him and the survivor at the same time to judgment.

*Husband and wife—Codefendants—Death of husband—Evidence—Confession of judgment by administrator—Joinder of issues—Practice, C. P.*

In a suit against husband and wife upon a joint promissory note in which the administrator of the husband, having been made a party, confessed judgment for the full amount of the plaintiff's claim, it was error to direct the jury to be sworn generally to try the issue joined, there being no issue joined between the plaintiff and the administrator, and improper further because the manifest purpose of the plaintiff in having the jury sworn in that way was to close the mouth of the wife as defendant in the issue, and unnecessary, because upon a verdict being rendered against the defendant in the issue, the court could have entered the proper final judgment against both defendants.

*Evidence—Party dead—Adverse interest—Husband and wife.*

In a suit against husband and wife, makers of a joint note, where upon the death of the husband the husband's administrator confesses judgment, the wife has no interest adverse to any right of the deceased party to the note which had passed to the administrator; under such circumstances the wife is a competent witness in the issue which remains to be determined.

*Evidence—Lost paper—Requisite degree of diligence.*

The degree of diligence to be used in the search for lost papers before secondary evidence can be given of their contents must ·depend largely upon the circumstances of the case. The loss or destruction of the document need not be proved beyond the possibility of mistake; it is sufficient if the party offering parol proof show such diligence as is usual with good business men under the circumstances.

Argued May 9, 1900. Appeal, No. 24, March T., 1900, by defendant, in suit of Joseph Strause, manager, against Elise Braunreuter, from judgment of C. P. Adams County, Aug. T., 1895, No. 87, on verdict for plaintiff. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Reversed. Opinion by RICE, P. J.

Assumpsit. Before SWOPE, P. J.

It appears from the record that this was an action brought

126 STRAUSE *v.* BRAUNREUTER.

Statement of Facts—Assignment of Errors. [14 Pa. Superior Ct.

on a promissory note signed by Adam Braunreuter and Elise Braunreuter, his wife. The husband having died his administrator was substituted on the record and he confessed judgment for the full amount of the plaintiff's claim.

The case had been tried previously, had gone to the Superior Court on appeal and is reported in 4 Pa. Superior Ct. 263.

The court directed the jury to be sworn to try the issue generally between plaintiff and Elise Braunreuter and Hanson Pfeffer, administrator of Adam Braunreuter, deceased, defendant.

As the trial proceeded it was developed that the alleged note was lost and proof of the note and its contents was allowed without any proof of a search for the note by the holder of the note, Joseph Strause, manager, and defendant objected to the evidence until such search was proven by the party to the record. The court admitted the evidence and an exception was allowed defendant.

The widow was called to the stand and an offer was made to prove by her that on September 17, 1894, she signed a note of $750, payable to Joseph Strause, manager; that she signed the note at the request of her husband as security on the note; that the debt was not her debt; that the loan was not made by her, and that her only liability on the note as made was one of suretyship, and that she has no interest whatever in the note upon which suit has been brought.

This offer was objected to by the plaintiff for the reason that it appearing that the witness is the widow of Adam Braunreuter, deceased, and this jury having been sworn generally to try the issue between the defendant on the stand and the estate of her deceased husband through its administrator, Hanson Pfeffer, she is incompetent to testify as to anything that occurred in the lifetime of Adam Braunreuter, so far as it relates to the consideration of the signing of this note.

The court overruled this offer and as no other testimony was offered for defendant directed the jury to return a verdict in favor of plaintiff and against defendant for $905.50.

Other material facts appear in the opinion of the court.

Defendant appealed.

*Errors assigned* among others were (3) in directing the jury

upon the trial to be sworn generally to try an issue between Joseph Strause, manager, plaintiff, and Elise Braunreuter and Hanson Pfeffer, administrator of Adam Braunreuter, deceased, defendants, when the said Hanson Pfeffer, administrator of Adam Braunreuter, deceased, was not then a party to the action and record and issue, when said administrator had never pleaded to any issue in any action with the said plaintiff, when there was no plea of record on the part of the said administrator and when there was a confession of judgment of record by said administrator in favor of the said plaintiff and against the estate of his intestate.    (5) In refusing to allow Elise Braunreuter to testify. The only parties of record to the action were Joseph Strause, manager, plaintiff, and Elise Braunreuter, defendant, both living parties and both competent to testify.    It was error to exclude Elise Braunreuter as incompetent under section 5, clause (*e*) of the act of 1887 and the court erred in not having held that she was a competent witness for all purposes material to the issue between the living plaintiff and herself, the defendant. The swearing of the jury to try issue between Joseph Strause, manager, plaintiff, and Elise Braunreuter and Hanson Pfeffer, administrator of Adam Braunreuter, deceased, defendant, was an unwarranted instruction on the part of the court and without any authority in the premises.    Hanson Pfeffer, administrator of Adam Braunreuter, the deceased, by his confession of judgment of record and by the want of a plea of record was not a party to the action and record and it was a legal impossibility for the court to have sworn the jury as was done.    This invention for the purpose of creating a situation whereby Elise Braunreuter might be declared an incompetent witness, in contravention of the decree of the Superior Court, handed down in Strause v. Braunreuter, 4 Pa. Superior Ct. 263, was such manifest, wilful, arbitrary and unjustifiable error, as demands the attention and reversal of the appellate court, in order that Elise Braunreuter, defendant, may receive such legal protection and justice as she is entitled to.

*Wm. McClean*, with him *Wm. Arch. McClean* and *William Hersh*, for appellant.—The Superior Court held that the ruling of the court below that Elise Braunreuter was an incompetent witness under clause (*e*), section 5 of the Act of May 23, 1887,

P. L. 158, was error: Strause v. Braunreuter, 4 Pa. Superior Ct. 263.

The third assignment of error must be sustained, for the court could not direct the jury to be sworn to try issue between Joseph Strause, manager, plaintiff, and Elise Braunreuter and Hanson Pfeffer, administrator of Adam Braunreuter, defendants. The estate of Adam Braunreuter was not a party to the action and issue pending and had filed no plea of record, but instead had given a cognovit and the direction of the court in so swearing the jury was an arbitrary one without any authority whatever in the premises: Ash v. Guie, 97 Pa. 493; Campbell v. Floyd, 153 Pa. 84, 96; O'Neal v. O'Neal, 4 W. & S. 130; Noble v. Laley, 50 Pa. 281.

The court erred in admitting proof of the contents of the alleged lost note, without proof of a diligent search for same. Proof of a diligent search was not made by Joseph Strause, manager. He was not called to prove a search, nor was the representative of Felix Adler, in the hands of one of whom the note would be presumed to be, there being no testimony of it having passed into other hands. The only proof of a diligent search was of a negative character, by parties who testified that they did not have the note and there was no proof of the note having been put or seen in their possession.

Lastly, as set out in the fifth assignment of error, the court below seems to the appellant to have inexcusably erred in the face of the clear statement of the law in Strause v. Braunreuter, 4 Pa. Superior Ct. 263, in refusing to permit Elise Braunreuter to testify, and holding her incompetent to testify under clause (*e*), section 5 of the act of May 13, 1887, in contravention of the judgment of the Superior Court to the contrary.

It makes no difference to this issue that Adam Braunreuter, the maker of the note, is dead. As said in Ash v. Guie, 97 Pa. 493, the further progress of the action against his estate is the same as if he had been sued separately. Even if the matter must be further considered in the light of his death, the questions arising as indicated by Judge McPHERSON must be answered in the negative.

Under the authorities of Strause v. Braunreuter, 4 Pa. Superior Ct. 263, a ruling the Supreme Court follows in Rine v. Hall, 187 Pa. 264, Bank v. Henning, 171 Pa. 399, Trymby,

Hunt & Co. v. Andress, 175 Pa. 6, and Spott's Estate, 156 Pa. 281, Elise Braunreuter was a competent witness beyond all question in the issue joined in the action between Joseph Strause, manager, plaintiff, and Elise Braunreuter, defendant, and it was error to have excluded her.

*Wm. McSherry*, for appellee.— A liberal construction of the statute, March 22, 1861, P. L. 186, permits the plaintiff to bring in the executor and administrator: Ash v. Guie, 97 Pa. 493.

Nor was it error to swear the jury as to the remaining defendant, the others having confessed a general judgment; such a judgment is interlocutory only and the damages remain to be assessed. When an interlocutory judgment is entered against one, the writ of venire tam ad triandum quam ad inquirendum, in practice is seldom issued, but it is usual to swear the jury trying the case to assess the damages also against the former: Noble v. Laley, 50 Pa. 281.

If plaintiff had accepted the confession of judgment of December 29, 1897 or March 17, 1898, he would have been barred from proceeding against Elise Braunreuter.

The court did not err in directing the jury upon the trial to be sworn generally, as alleged in the third assignment of error.

He was a party to the suit, and the jury were properly sworn to determine the amount of his liability, which could only be ascertained, as a matter of fact, by a verdict of the jury: Noble v. Laley, 50 Pa. 281.

It is a matter for the trial judge to determine the necessary amount of proof to supply lost papers.

If Mrs. Braunreuter and her husband were both living she could not testify in a suit against both that she was only a surety on this note and he the principal, because she would be testifying against her husband, which is forbidden by clause (*c*), paragraph 5, of the act of May 23, 1887.

Mrs. Braunreuter is also incompetent under the authority of Kyte v. Foran, 167 Pa. 252. She has an adverse interest to the decedent and is incompetent to testify to matters occurring prior to the decedent's death.

This case was very different from the status it was in when before the Superior Court before. Then the legal representative

was not a party to the record; now he is. It also differs from the cases of Rine v. Hall, 187 Pa. 264, Bank v. Henning, 171 Pa. 399, Trymby v. Andress, 175 Pa. 6, and Spott's Estate, 156 Pa. 281, in this that in all those cases the witnesses were not adverse, but favorable to the estate of the decedent; here she is adverse.

Mrs. Braunreuter is an incompetent witness under the authority of Brady v. Reed, 87 Pa. 111, and Crouse v. Staley, 3 W. N. C. 83.

OPINION BY RICE, P. J., July 26, 1900:

This was an action upon a joint promissory note executed by Adam Braunreuter and Elise his wife. Adam died in August, 1895. Afterwards Elise pleaded the general issue and coverture and on the trial of that issue verdict was rendered against her. On appeal the judgment was reversed because the court had erroneously refused to let her testify: Strause v. Braunreuter, 4 Pa. Superior Ct. 263. After the return of the record to the court below, the plaintiff suggested the death of Adam and issued a scire facias to his administrator to show cause why he should not be made a party defendant. The administrator filed an answer in which he objected to being made a party, because, (1) "the parties thereto would not be similar to those in the case in which a venire facias de novo was awarded; (2) the purpose of the plaintiff in making him a party was to make Elise Braunreuter an incompetent witness; (3) he had no defense to the action." "Literally and strictly, upon the death of a party to the record, jointly sued with others, the further progress of the action against his estate is the same as if he had been sued separately. A liberal construction of the statute" (Act of March 22, 1861, P. L. 186) "permits the plaintiff to bring in the executor or administrator, and proceed against him and the survivor at the same time to judgment:" Ash v. Guie, 97 Pa. 493; Dingman v. Amsink, 77 Pa. 114; Githers v. Clarke, 158 Pa. 616. We are of opinion, therefore, that none of the objections set up in the administrator's answer was sufficient to prevent the plaintiff from bringing him in and making him a party to the action. But he accompanied this answer with a paper in which he appeared, quoting therefrom, " to the scire facias to show cause why he should not be made a party defend-

ant to the action of plaintiff founded upon a certain note of which Adam Braunreuter is the maker and Elise Braunreuter is the security " and confessed judgment in favor of the plaintiff "for the sum of $750 with interest from September 17, 1894," the full amount of the plaintiff's claim.  Later, the court filed an opinion in which it was held that the foregoing confession of judgment was premature and irregular because it was entered before the formal order substituting the administrator had been made.  The court thereupon made the order of substitution, and it would seem from the docket entries, although the order is not printed, struck off the confession. We remark in passing that the paper filed by the administrator might properly be regarded as sufficient to give the court jurisdiction and to validate the judgment against the estate although no formal order of substitution has been made at that time.  In view, however, of the subsequent proceedings, the ruling that it was premature becomes unimportant.  Not discouraged by the obstacles interposed to prevent him from confessing the action and giving the plaintiff what he asked, a judgment, the administrator followed the suggestion made in the opinion of the court below and again confessed judgment for the full amount of the plaintiff's claim.  This he undertook to liquidate by adding the interest to date of confession and confessing judgment for the gross sum together with interest thereon from date of confession.  This was not satisfactory to the plaintiff, and he thereupon moved the court to strike off the confession " for the reason that it is illegally confessed and will deprive the plaintiff of his just rights in this case if allowed to stand," and also moved for a rule on the administrator to plead.  The administrator filed an answer in which he said, inter alia, " that having no available defense to make to the action, instead of proceeding to trial and incurring expenses which he has no funds to defray or of allowing judgment to pass against him by default, he has given the plaintiff a written confession of the action, and filed the same of record after the order made by the court March 9, 1898, for the substitution of the administrator and agreeably to the said order of court. That this confession is given before and without any plea, for the amount of the entire claim of the plaintiff as set out in his statement.  That an arbitrary and illegal power is attempted

to be invoked by the plaintiff to compel the administrator to plead, for which there is no warrant in law, justice or reason, as the administrator has no plea to plead; that the statutory pleas by him to the action would be untrue and unfair to the court and himself and that he has an indisputable right to confess the action." The learned judge very properly took the same view and refused to strike off the confession or to compel the administrator to plead. He held, however, that the liquidation of the judgment before the determination of the issue between the plaintiff and Elise Braunreuter was premature, and therefore, made the following order : " And now, June 29, 1898, the confession of judgment of March 17, 1898, is allowed to stand as an interlocutory or general confession of judgment for the full amount of the plaintiff's claim described in his declaration, the amount thereof to be liquidated upon the trial of the issue against Elise Braunreuter." In view of the answer of the administrator, the court was perfectly justified in thus treating the confession. See O'Neal v. O'Neal, 4 W. & S. 130. And, at any rate, as the plaintiff did not except to the order and as it never was rescinded, it is perfectly proper to say that when the case was called for trial the record showed a general judgment against the administrator for the full amount of the plaintiff's claim as set forth in his statement. Such being the state of the record, and the counsel for Elise Braunreuter who were also counsel for the administrator of Adam Braunreuter objecting, the court directed the jury "to be sworn generally," by which we understand they were sworn as if Adam Braunreuter was a party to the issue. This was both improper and unnecessary—improper because the statute provides that the jury shall be sworn to " try the issue joined," and there was no issue joined between the plaintiff and the administrator; improper further because the manifest purpose of the plaintiff in insisting on having the jury sworn in that way was to close the mouth of the defendant in the issue, and unnecessary, because upon a verdict being rendered against the defendant in the issue the court could have entered the proper final judgment against both defendants. Where judgment by default or by confession is entered against some of the defendants and the issue is tried as to the others, final judgment is entered against all upon the verdict. The reason is obvious ; the judgment by default or by

general confession being for the whole cause of action con-
tained in the declaration the damages then become a matter
solely for the court. A writ of inquiry is necessary only to in-
form the conscience of the court, who may in all cases dispense.
with it if they think proper. It is on this ground, that in all
cases where the damages may be ascertained by calculation, it
is referred to the prothonotary to liquidate them: O'Neal v.
O'Neal, 4 W. & S. 130; Noble v. Laley, 50 Pa. 281; Weikel
v. Long, 55 Pa. 238; Campbell v. Floyd, 153 Pa. 84, 96, 97.

Was the defendant, Elise Braunreuter, harmed by the ruling
complained of? She certainly was, if she would have been a
competent witness upon the trial of the issue as made by the
pleadings and was rendered incompetent by the swearing of
the jury as if the administrator was a party to the issue. It is
to be observed, that, from the outset of the proceedings to make
him a party, the administrator contended that Elsie Braun-
reuter was a surety on the note in suit; therefore, though her
testimony might avail to prevent judgment against her it could
not affect any right of the deceased party which had passed to
his administrator or to the plaintiff. Again, the testimony she
offered to give could in no way affect the plaintiff's judgment
against the administrator. Her defense was personal to her-
self. If the jury had been sworn to try the issue joined be-
tween the plaintiff and Elise Braunreuter and had rendered a
verdict in her favor, still the confession would have been un-
affected, and after liquidation, which involved only a calculation
of interest, the plaintiff would have had a judgment for the
full amount of his claim. In the issue joined " the subject in
controversy, " the " thing or contract in action " was the con-
tract liability of Elise Braunreuter. No right of Adam Braun-
reuter, the deceased party to the note, was involved, directly or
indirectly. She had no interest adverse to any such right
which had passed to the plaintiff, and in view of the confession
of judgment by the administrator and his solemn admission of
record in connection therewith, she had no interest adverse to
any right of the deceased party to the note which had passed
to the administrator. Under these circumstances we think she
was a competent witness in the issue joined. See Bank v.
Henning, 171 Pa. 399, Trymby v. Andress, 175 Pa. 6, and Rine
v. Hall, 187 Pa. 264.

The degree of diligence to be used in the search for lost papers before secondary evidence can be given of their contents must depend largely upon the circumstances of the case. The loss or destruction of the document need not be proved beyond the possibility of mistake. As stated by a learned writer: "It is not necessary to prove exhaustively that the paper exists nowhere. It is sufficient if the party offering parol proof show such diligence as is usual with good business men under the circumstances:" 1 Whar. Ev. sec. 143; Jones, Ev. sec. 213. The inquiry is of a preliminary nature and is addressed to the discretion of the trial judge. When he is satisfied with the proof the appellate court will not reverse unless such proof is manifestly insufficient: Gorgas v. Hertz, 150 Pa. 538. We cannot say that the search for the note, under all the circumstances, was manifestly insufficient. Therefore, we do not sustain the fourth assignment. But as the case is to go back for a retrial we remark, that the proof would have been more satisfactory, if the plaintiff, the rightful custodian of the note, had been examined.

There was error in swearing the jury generally, as if the administrator was a party to the issue joined, and in excluding the defendant as a witness. For these reasons the case must be sent back for a retrial.

The judgment is reversed and a venire facias de novo awarded.