ESTATE OF H.S. FULLERTON, A MINOR.

| 146 | 61 |
| 222 | 515 |
| f224 | 373 |

APPEAL BY H. S. FULLERTON FROM THE ORPHANS' COURT OF
ARMSTRONG COUNTY.

Argued October 12, 1891—Decided January 4, 1892.

Assignments of error, on an appeal from the Orphans' Court, specifying
that the court erred in confirming the auditor's report; or, in passages
quoted from the opinion; or, in not sustaining exceptions which are not
set out in the assignments, are defective.

" We have repeatedly said that the opinion of the Orphans' Court is not
assignable as error. It is the decree of the court to which error lies.
If that is right, it is of little moment what course of reasoning led up to
it: "* Per Mr. Chief Justice PAXSON.

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WIL-
LIAMS, McCOLLUM and MITCHELL, JJ.
No. 6 October Term 1891, Sup. Ct.; court below, No. 27
March Term 1887, O. C.

On March 9, 1887, the accounts of J. H. McCain, guardian
of Hugh S. Fullerton and others, minor children of J. B. Ful-
lerton, deceased, were presented for confirmation. Exceptions
having. been filed, *Mr. R. S. Martin* was appointed auditor to
hear and determine the same.

On December 5, 1887, the auditor filed his report. Excep-
tions to the report having been argued, the court filed an opin-
ion, portions of which are quoted in the assignments of error,
infra, and entered a decree as follows : " The exceptions to the
auditor's report are therefore dismissed, and the report is con-
firmed." Thereupon, Hugh S. Fullerton, exceptant, took this
appeal, filing the following assignments of error :

" 1. The court erred in confirming the auditor's report.

" 2. The court erred in dismissing the exceptions to the au-
ditor's report.

" 3. The court erred in this : ' In view of all the facts, and
in view of the careful disposition made of all the exceptions by
the learned auditor, we do not now feel that sufficient cause has

---

* See Powell's Est., 138 Pa. 322.

Arguments.

been shown for interference with the findings of the learned auditor.'

" 4. The court erred in this : ' A number of which were originally filed to the accounts, have been voluntarily withdrawn, and others were permitted to remain for the learned auditor, who has carefully passed upon them.'

" 5. The court erred in this : ' The children, now grown to manhood and womanhood, do not charge in any respect the mother with want of prudence or extravagance.'

" 6. The court should have sustained the first exception to the auditor's report, which is as follows : ' The auditor erred in his finding of facts and his conclusion of law.'

" 7. The court should have sustained the second exception to the auditor's report, to wit : ' The auditor should have sustained exception one to the several accounts, in so far as it was not withdrawn, and erred in dismissing paragraphs *b, c, d, e* and *g* thereof.'

" 8. The third exception to the report of the auditor, to wit : ' Exceptions three and four, as filed to the several accounts, should have been sustained in full,' etc., should have been sustained by the court.

" 9. The court erred in not sustaining exceptions four, five six and seven, to the report of the auditor.

" 10. Exception eighth, which is, ' The auditor erred by failing to surcharge the accountant with the several amounts claimed in the exceptions, and by allowing him the amounts claimed as credits to which exceptions were filed,' should have been sustained by the court. It was error to dismiss the same.

" 11. The court erred in not sustaining exception nine to the auditor's report.

" 12. The court should have sustained exceptions ten and eleven to the report of the auditor, and referred the report back to the auditor for further testimony, and erred in dismissing said exceptions.

" 13. The court erred in sustaining the auditor's report as to costs of audit."

*Mr. Findley P. Wolff* (with him *Mr. R. B. Ivory*), for the appellant.

Statement of Facts.

*Mr. M. F. Leason*, for the appellee, was not heard.

PER CURIAM:

The assignments of error in this case fail to point out a single item in the account which is objected to. The third, fourth and fifth specifications refer to passages in the opinion of the court. We have repeatedly said that the opinion of the Orphans' Court is not assignable as error. It is the decree, to which error lies. If that is right, it is of little moment what course of reasoning led up to it. The remaining specifications do not conform to the Rules of Court, unless, perhaps, it be the last one, which alleges that the "court erred in sustaining the auditor's report as to costs of audit." If we concede this specification to be sufficient in matter of form, it is without merit. We think the costs were properly put upon the exceptant below. We have examined the report of the auditor and the opinion of the court with some care, and are satisfied with their conclusions.

> The decree is affirmed, and the appeal dismissed at the costs of the appellant.