# Commonwealth *v.* Wilkinsburg Borough, Appellant.

*Appeals—Assignments of error—Evidence—Exceptions.*

Assignments of error to the exclusion of testimony will not be considered where no exceptions have been taken to the rulings of the trial court.

*. Nuisance—Sewer—Municipalities—Boroughs.*

Where a borough has determined upon the construction of a public sewer, or a drainage system, it must so complete the work as not to create a public nuisance. If it does create a nuisance, and is indicted therefor, it cannot defend on the ground that the construction of a proper system would have entailed an expenditure beyond the financial ability of the borough at the time.

*Practice, C. P.—Trial—Charge—Inadequacy of charge—Appeals.*

A complaint that the charge was inadequate will receive no great consideration from the appellate court where it appears that the appellant presented to the trial judge no prayers for special instructions, and failed to invite his attention to the points of the case claimed at the argument on the appeal to have been insufficiently treated.

Argued April 14, 1908. Appeal, No. 9, April T., 1908, by defendant, from judgment of Q. S. Allegheny Co., Dec. T., 1906, No. 595, on verdict of guilty in case of Commonwealth v. Wilkinsburg Borough. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Indictment for nuisance. Before PATTON, P. J., specially presiding.

At the trial a witness for defendant was asked this question:

"Q. I wish you would state, Mr. Weinman, for the benefit of the court and jury, whether what is called the large pipe system containing a very large pipe clear to the river, was within the powers of the borough to build on account of the expense."

Objected to by counsel for the commonwealth as immaterial. Objection sustained.

"Q. Did you estimate the cost of the large pipe system?"

Objected to by counsel for commonwealth as immaterial. Objection sustained.

Mr. Langfitt: Just so that we may understand your honor's ruling and not keep asking questions that are in violation of that, do I understand your honor to say that if the borough of Wilkinsburg, in order to take care of its sewage, found out there were only two ways, one by a large sewer system and one by a small sewer system; and if they found further that the larger sewer system would cost a sum of money so large that it was beyond the taxing power of the borough to construct, and that when they so found, they constructed the largest sewer system that was within their financial ability, and thereby took away as much of the offensiveness of the run as it was in their power to take away, that they would still be guilty of a crime?

The Court: I do not think that is for the consideration of the jury. The jury determines the question of fact, whether or not there is a nuisance there. When it comes to carrying out a verdict by sentence, it is a question how far the court can order the town council of Wilkinsburg to abate the nuisance, but I do not think this jury can pass upon any question except as to whether the borough of Wilkinsburg maintains a nuisance at the present time.

Objection sustained.

To which ruling of the court counsel for the defendant except.

Exception allowed and bill sealed. [3] .

Other facts appear by the opinion of the Superior Court.

Verdict of guilty, upon which judgment of sentence was passed.

*Errors assigned* were (1–4) rulings on evidence, but showing an exception only in the third assignment; (5) that the charge was inadequate.

*Joseph A. Langfitt*, of *Langfitt & McIntosh*, for appellant.— The defendant was a municipal corporation. Exercising its best judgment, it had sought to improve the sanitary condition of the town generally, and of the territory abutting on the Nine Mile run in particular. Accordingly, it constructed a sewer under the supervision of competent engineers, and of sufficient

capacity to adequately provide for the future growth of the borough and at a cost equal to the maximum legal taxation allowed for such purposes. It was a public enterprise, not an investment for individual profit, the community alone derived the benefit therefrom, and the entire community must suffer from any change made in the present operation of the said sewer system. The court below erred in not permitting evidence to prove these facts: Evans v. Fertilizing Co., 160 Pa. 209; Sullivan v. Steel Co., 208 Pa. 540; Wood on Nuisance, sec. 430; Huckenstine's Appeal, 70 Pa. 102; Commonwealth v. Reed, 34 Pa. 275; Com. v. Silcox, 161 Pa. 484.

The charge was inadequate: Com. v. Miller, 139 Pa. 77; Com. v. Goldberg, 4 Pa. Superior Ct. 142.

Great caution is exercised by the courts in interfering with establishments and erections which tend to promote public convenience: Barnes v. Calhoun, 2 Iredell's Equity (N. C.), 199; Attorney General v. Perkins, 2 Dev. Equity (N. C.), 38; Gilbert v. Showerman, 23 Mich. 448; Adams v. Michael, 38 Md. 123.

*George B. Lewis*, with him *H. L. Goehring* and *George J. Shaffer*, for appellee.—It will not avail as a defense that others with whom the complainant has no concern have contributed to cause the pollution of the waters, against which relief is sought: Joyce on Nuisance, sec. 477; City of New Castle v. Raney, 6 Pa. C. C. Rep. 87; City of New Castle v. Raney, 130 ·Pa. 546.

The fact that the defendant in the year 1892, under the supervision of competent engineers, built this sewer of adequate capacity and at a cost equal to the maximum legal taxation allowed for such purposes, cannot avail it as a defense to this prosecution: Com. v. Easton, 8 Northampton, 321.

Odors so foul as to restrict proper enjoyment of one's dwelling house constitute a nuisance: Rodenhausen v. Craven, 141 Pa. 546; Smith v. Cummings, 2 Pars. 92; Howell v. McCoy, 3 Rawle, 256; Stokes v. R. R. Co., 214 Pa. 415; Farver v. American Car, etc., Co., 24 Pa. Superior Ct. 579; Brunner v. Schaffer, 1 Pa. Dist. Rep. 646; Com. v. Rush, 11 Lanc. L. R. 97; Joyce

on Nuisance, 157; Savile v. Kilner, 26 L. T. (N. S.) 277; Joyce on Nuisance, sec. 166; Evans v. Fertilizing Co., 160 Pa. 209; Fisher v. Reduction Co., 189 Pa. 419; Morgan v. City of Danbury, 67 Conn. 484 (35 Atl. Repr. 499).

OPINION BY HEAD, J., October 12, 1908:

The bill of indictment, upon which the defendant was convicted, specifically charged the maintenance, as part of the borough's system of sewerage, of what is called an "overflow weir." This was located in a populous section and near to certain public highways. It consisted of a large brick chamber or vault into which a forty-two inch pipe discharged all of the waste from toilets, roof and sink water, etc., that had been collected through the entire system. From this weir a twenty-four inch pipe conducted, as far as its capacity would permit, the sewage to the Monongahela river. The weir was also provided with an open overflow pipe which discharged whatever passed through it into the waters or upon the banks of an open and ancient water course known as Nine Mile Run. The commonwealth sought to establish, by its testimony, that, in times of ordinary heavy showers and freshets, owing to the small size of its outlet as compared with the receiving pipe, the weir became so filled with sewage, that the open overflow pipe necessarily received and discharged large quantities of it; that in this way not only were the waters of the run contaminated, but foul pools and sinks were formed along its banks, which, when subjected to the heat of the sun, created offensive and noxious odors calculated to disturb the comfort of the citizens and to impair the public health.

That the testimony was sufficient, if believed by the jury, to establish the existence of such conditions and to trace their cause to the construction and operation of this weir, cannot, we think, be successfully denied after an impartial study of the record before us. True, the defendant was able to offer counter testimony tending to show that the conditions complained of did not have their origin in the weir, but upon this issue of fact we must regard the verdict of the jury as final, unless it appears, upon an examination of the assignments, that some reversible

error was committed by the learned trial judge in admitting or rejecting evidence offered or in his final instructions to the jury.

The first, second and fourth assignments complain of the action of the court excluding certain offers of testimony objected to by the commonwealth. No one of these assignments is supported by an exception. Without such exception these offers and rulings are no part of the record before us for review. Following the repeated decisions of this court on this question we are obliged to dismiss these assignments.

The defendant, by way of defense, offered to prove that the construction of a large pipe sufficient to carry all of the sewage directly to the river would have entailed an expenditure beyond the financial ability of the borough at the time. An objection to this offer was sustained.

There is no legal obligation resting upon a municipality to construct a public sewer system. The time when such a work shall be begun, its plan and design, and the territorial area to be covered thereby are, of course, questions of the highest importance, and their solution has been wisely left to the municipal legislature. The undeniable propensity of men to aggregate themselves into great urban communities, often in sections of the country where nature has not provided large streams of water, has certainly contributed to the difficulties which, in every case, attend the determination of these questions. But when a municipality, after having freely exercised its discretionary power to build or not to build, determines upon the construction of a public sewer, it must so complete the work as not to create a public nuisance. The reasons that compel such a conclusion are, we think, so manifest and have been so often stated that they need not be here repeated. It would seem to follow that it could be no good answer to the case made out by the commonwealth's witnesses to prove the facts contained in the offer and the learned trial court was therefore right in rejecting it. The third assignment is overruled.

The remaining assignment complains of the charge of the court in that it was inadequate to properly and fairly bring before the jury the defendant's theory of the case and the testimony supporting it. We may observe here that the defendant

presented no prayers for special instructions and failed to invite the attention of the learned trial judge to the points of the case now claimed to have been insufficiently treated.

The position taken by the defendant, is thus set out in the opening of its printed brief. "The defendant did not undertake to deny that there were foul and noisome smells along Nine Mile Run in which the sewer pipe was laid, possibly so strong and disagreeable as to constitute a nuisance, but it did undertake to say that the greater portion of these smells and odors came from the run itself, without material contribution from the overflow weir or sewer; and that standing alone the smells and odors from the weir or sewer, produced by or in consequence thereof, were inconsequential, rarely perceptible and totally insufficient to constitute a nuisance." It must be apparent that such a line of defense to the bill of indictment raised an issue of fact as to the conditions existing at and near the weir and the cause of such conditions. The learned trial judge, after properly defining a public nuisance and stating the complaint of the commonwealth, then took up the theory of the defense and thus outlined the issue for the determination of the jury: "Of course, unless the building of this sewer makes this nuisance, then the borough of Wilkinsburg would not be responsible. They are not responsible for the filth that is put in this run above Wilkinsburg or below it. They are only responsible, and the only thing they are charged with, is that because they built this weir, and have an overflow in the manner in which it is testified to before you, that that is the cause of the nuisance and that is what they are charged with. It is no defense to them that other people maintain a nuisance, but it is a defense if the weir is not a nuisance." This was followed towards the conclusion of the charge by this summing up: "The testimony on the part of the commonwealth tends to show that this offensive smell comes from the weir, because of the manner in which it was constructed, and that if the weir was not there, this nuisance, as they allege, would not exist. On the part of the defendant, they claim that this weir has nothing to do with the alleged nuisance. Several witnesses, whose testimony I have called to your attention, testified that the condition of the run above the weir is the same as below.

If that is the case of course this would not come from the weir. You must reconcile that testimony as best you can.''

These somewhat lengthy quotations are, to our minds, a complete answer to the allegations that the learned trial judge either mistook the character of the defense offered or unfairly or inadequately presented to the jury the real issue involved. The existence of conditions amounting to a nuisance is almost admitted in the appellant's own statement from which we have quoted, and the real point of inquiry was the ascertainment of the true producing cause of those conditions. The jury has found that cause to be the weir and overflow pipe maintained by the defendant, and, as we can discover no reversible error in the record of the trial that resulted in their verdict, we, like the defendant, must accept it as a final determination of the question.

We have examined with care the many authorities cited in the able brief presented by appellant's counsel, and agree with him that there are many cases in which great commercial or manufacturing enterprises, fruitful of much benefit to the community at large, are attacked as public nuisances. In such cases a judicial warning to the jury of the danger of magnifying petty annoyances and slight discomforts into the elements of a public and common nuisance, would be timely and wholesome. In the present case, however, if the witnesses for the commonwealth truthfully described the sights that met their eyes and the odors that assailed their nostrils, there was but little, if any, occasion for judicial comment along the lines indicated.

The judgment is affirmed and the record is remitted to the court below that its sentence may be carried into execution.