# Johnston's Estate.

*Appeals—Assignments of error—Exceptions—Decree—Orphans' court.*
Assignments of error to the dismissal of exceptions to an executor's account by the orphans' court must set forth the exceptions in their exact words.

The opinion of the orphans' court is not assignable as error. It is the decree to which error lies.

Argued Oct. 12, 1908. Appeal, No. 23, Oct. T., 1908, by Katharine J. Sutton, from decree of O. C. Indiana Co., Dec. T., 1906, No. 26, dismissing exceptions to account of John B. Taylor, administrator of estate of S. A. Johnston, deceased. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Appeal dismissed.

Exceptions to administrator's account.
The opinion of the Supreme Court states the case.

*Errors assigned* were in allowing certain credits to the accountant, but not setting forth the exceptions in their exact words, nor the decree of the court.

*John P. Blair*, for appellant.

*D. B. Taylor*, for appellee.

OPINION BY MR. JUSTICE BROWN, January 4, 1909:

This appeal is from the action of the court below in disposing of ten exceptions to the account of John B. Taylor, administrator of the estate of S. A. Johnston, deceased. By these exceptions the appellant sought to surcharge the accountant on certain items with which he had charged himself at their appraisement in the inventory; to have credits disallowed for depreciation in the appraised value of other items; to have him charged with more interest than he charged himself with, and to reduce his commissions and the fee charged by his attorney. Five of these exceptions, among them being those relating to the commissions of the accountant and the attorney fee, were dismissed, and the remaining sustained, resulting in a decree surcharging the accountant with $10,907.05. Our examination of the record has satisfied us that all of the exceptions were properly disposed of and that the decree made was proper, but our reasons for reaching this conclusion would be out of place, as the decree has not been assigned as error. If it is correct, as it must be assumed to be in the absence of an assignment that it is error, the reasons given by the learned judge in arriving at it are unimportant and ours for sustaining it are equally so: Fullerton's Estate, 146 Pa. 61. The dismissal of no one of the exceptions to the account is assigned as error. If any one of them was erroneously dismissed, it ought to appear in its exact words in the assignment of error to its dismissal: Wright's Estate, 155 Pa. 64. No such assignment is before us.

Appeal dismissed at appellant's costs.