# Seltzer *v.* Boyer, Appellant.

*Appeals—Assignments of error—Opinion of court—Exceptions to sheriff's sale.*

1. An assignment of error to the opinion of the court is improper. It is the decree, and not the opinion of the court, which is assignable as error.

2. An assignment of error to the dismissal of exceptions to a sheriff's sale, and a refusal of a motion to set the sale aside, is improper where none of the exceptions are set forth. The dismissal of each exception should be set forth in a separate assignment.

3. On an appeal from the dismissal of exceptions to a sheriff's sale of real estate in foreclosure proceedings against a married woman, the court cannot consider or review a decree appointing a committee ad litem for the insane defendant, or the dismissal of a motion to set aside such appointment, where no appeal was taken from such decree or dismissal of motion, and neither the exceptions nor the assignments of error raise the question of their validity.

Argued Feb. 16, 1909. Appeal, No. 246, Jan. T., 1908, by defendants, from order of C. P. Lebanon Co., March T., 1906, No. 62, dismissing exceptions to sheriff's sale of real estate in case of Rebecca H. Seltzer v. Ellen B. Boyer, and her husband, Bassler Boyer, Mortgagors, and Ellen Boyer, Terre-Tenant, with notice to other terre-tenants. Before BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Exceptions to sheriff's sale of real estate. Before EHRGOOD, P. J.

The opinion of the Supreme Court states the case.

*Errors assigned* were in the following form:

First Specification of Error.—The court erred in its finding and holding, in its opinion dismissing the exceptions to the confirmation of the sheriff's sale; overruling the motion to set aside the sale; confirming the sale; and ordering and directing the sheriff "to execute and deliver a deed to the purchaser, in accordance with the Act of Assembly;" by saying as follows:

"In this proceeding judgment upon which the Levari Facias was issued, was entered prior to the time when the said Ellen B. Boyer became insane, and subsequently Bassler Boyer, her husband, was appointed her committee ad litem under the Act of June 26, 1895, P. L. 381, to whom notice of the intended sale was given."

Second Specification of Error.—The court erred in its finding and holding, in its opinion, dismissing the exceptions to the confirmation of the sheriff's sale; overruling the motion to set aside the sale; confirming the sale; and ordering and directing the sheriff "to execute and deliver a deed to the purchaser, in accordance with the Act of Assembly;" by saying as follows:

"In this proceeding judgment upon which the Levari Facias was issued, was entered prior to the time when Ellen B. Boyer became insane; and subsequently Bassler Boyer, her husband, was appointed her committee ad litem, under the Act of June 26, 1895, P. L. 381, to whom notice of the intended sale was given. The notice given to Bassler Boyer, committee ad litem, was a sufficient notice to Ellen B. Boyer, the lunatic.

Third Specification of Error.—The court erred in its finding and holding, in its opinion, dismissing the exceptions to the confirmation of the sheriff's sale; overruling the motion to set aside the sale; confirming the sale; and ordering and directing the sheriff "to execute and deliver a deed to the purchaser, in accordance with the Act of Assembly;" by saying as follows:

"As to inadequacy of price at which the property was sold by the sheriff, it is only necessary to carefully consider the testimony of Mr. Reinoehl, a witness produced and examined by the exceptant, to show that such exception cannot be sustained."

Fourth Specification of Error.—The court erred in entering its order and decree; dismissing the exceptions to the confirmation of the sheriff's sale; overruling the motion to set aside the sale; confirming the sale; and ordering and directing the sheriff "to execute and deliver a deed to the purchaser, in accordance with the Act of Assembly;" by saying as follows:

"And now, July 9, 1908, the exceptions to the confirmation of the sheriff's sale are dismissed, the motion to set aside said sale is overruled, the sale is confirmed, and the sheriff is ordered and directed to execute and deliver a deed to the purchaser in accordance with the Act of Assembly."

*Bassler Boyer*, with him *Charles T. Hickernell*, for appellants.

*Gobin & McCurdy*, with them *H. Rank Bickel*, for appellee.

OPINION BY MR. JUSTICE POTTER, April 12, 1909:

This appeal is from the order of the court below dismissing exceptions to the confirmation of a sheriff's sale of real estate, confirming the sale and directing the sheriff to execute and deliver to the purchaser a deed for the premises sold.

Rebecca H. Seltzer issued a scire facias upon a mortgage of Ellen B. Boyer and her husband, Bassler Boyer, and obtained judgment against the defendants for want of an affidavit of defense. On February 5, 1908, a pluries levari facias was issued upon this judgment, and the sheriff levied thereunder upon the mortgaged premises and advertised them for sale. On February 12, the defendant, Bassler Boyer, filed a petition alleging that his wife and codefendant, Ellen B. Boyer, was insane, and had been so for over a year, and was confined under due process of law as an insane person in the Pennsylvania Hospital for the Insane at Philadelphia, and that a commission in lunacy had been awarded against her by the court of common pleas of Lebanon county, but that no committee in lunacy had been appointed for her and no person was authorized to represent or act for her in regard to her estate or receive notice, as required by law, of the intended sale of her real estate under the execution issued against it. Upon presentation of this petition, the court granted a rule to show cause why the writ of pluries levari facias should not be stayed and set aside. Thereupon, before hearing upon the rule, the plaintiff stayed the pluries levari facias.

On February 27, the plaintiff filed a petition averring that

Ellen B. Boyer, one of the defendants, had been insane for up-
wards of a year and was an inmate of the Pennsylvania Hos-
pital for the Insane at Philadelphia and that no committee
had been appointed to take charge of her estate, and praying
that the court appoint a committee ad litem for her, upon
whom might be served all process, notice and pleadings in re-
lation to the judgment and pluries levari facias. To this peti-
tion was appended a sworn statement by the physician in
charge of the hospital, that Mrs. Boyer was committed ac-
cording to law, and was insane. Thereupon the court ap-
pointed Bassler Boyer, husband of Ellen B. Boyer, and also a
defendant, committee ad litem as prayed for in the petition.

On February 27, the sheriff served on Bassler Boyer a certifi-
cate of the order of court, appointing him committee ad litem
of Ellen B. Boyer, and on March 2, Boyer filed a protest and
exceptions to such appointment, and the jurisdiction of the
court to make it, and moved the court to set aside the ap-
pointment. On March 4, the motion to set aside the appoint-
ment was refused.

On February 28, another pluries levari facias was issued,
and on March 28, the mortgaged premises were sold by the
sheriff in pursuance of such writ. The sheriff returned that he
had given "due notice of said sale to Bassler Boyer, one of the
defendants; to Bassler Boyer, committee ad litem of Ellen B.
Boyer, the other defendant (said Bassler Boyer being desig-
nated on the record of this proceeding as having been ap-
pointed by the court of common pleas as such committee ad
litem of Ellen B. Boyer); to Ellen Boyer, terre-tenant . . . .
by serving upon each of the above named, personally, more
than ten days prior to the sale, a printed handbill giving notice
of said sale, the day and hour when and the place where the
same shall be, and what lands and tenements are to be sold,
where they lie, and a proper description of the premises." He
also returned that he had served a handbill as above de-
scribed, more than ten days prior to the date of the sale, on
John B. Chapin, an adult in charge of the place of residence of
the defendant, Ellen B. Boyer, and upon Ellen B. Boyer per-
sonally.

The sheriff's sale took place, Bassler Boyer giving notice that the requirements of the law as to notice of the sale had not been complied with, and therefore the sale would be without authority of law and void. The property was sold to Christian Gingrich for $5,700, and the sheriff so returned. Bassler Boyer as a defendant and as husband of Ellen B. Boyer, moved to set aside the sheriff's sale on the grounds of insufficient notice and inadequacy of price, and filed exceptions to its confirmation. The court dismissed the exceptions and confirmed the sale. Defendants have taken this appeal.

The first three assignments of error are to the opinion of the court below. It has been repeatedly pointed out that it is the decree of the court below, which is assignable as error, and not the opinion: Johnston's Estate, 222 Pa. 514; Fullerton's Estate, 146 Pa. 61. These specifications will therefore be disregarded.

The fourth assignment is to the dismissal of appellants' exceptions to the sheriff's sale, and the refusal of the motion to set the sale aside. But none of the exceptions are set forth. The dismissal of each exception which appellants desire to press, should have been set forth by a separate assignment. The decree of the court below does, however, appear in this assignment. In his argument, counsel for appellants complain of the appointment of a committee ad litem. The appointment was made under the provisions of the Act of June 10, 1901, P. L. 553, sec. 1. The fact of the insanity of the defendant, Mrs. Boyer, was first put upon the record by the petition filed by her husband for the purpose of having the prior pluries levari facias set aside on that express ground, and subsequently by the petition of the plaintiff and the affidavit of the physician.

Neither the appointment of the committee ad litem, nor the dismissal of the action to set aside such appointment is here assigned for error. The record shows an appointment made under authority of the act of assembly, and the refusal of a motion to set such appointment aside, both unappealed from. On this appeal, and under the assignments of error filed, the validity of the appointment of the committee ad litem cannot

be questioned. That question could be raised only by a direct attack on the decree making the appointment. Counsel further complains that the action of the judge in appointing the committee was taken in chambers. But the record does not show that such was the fact.

We find nothing in the record of this case to justify the claim that there was any failure to comply with all the requirements of the law, as to notice of the sale, and as to the manner of serving the notice. Nor is there anything in the evidence to show any abuse of discretion by the court below, in its refusal to set aside the sale, because of alleged inadequacy of price.

The judgment is affirmed.