## Standard Soap & Oil Company, Appellant, v. Printz Degreasing Company.

*Appeals—Assignments of error—Findings of fact—Decree.*

Where on an appeal in an equity case all the assignments of error are directed to findings of fact, and not one to the decree, the decree will be sustained. If the decree is correct, it is of little moment what led up to it.

Argued Jan. 9, 1911. Appeal, No. 294, Jan. T., 1910, by plaintiff, from decree of C. P. No. 5, Phila. Co., March Term, 1908, No. 4,962, dismissing bill in equity in case of Standard Soap & Oil Company v. Printz Degreasing Company. Before FELL, C. J., BROWN, MESTREZAT, POTTER, ELKIN and MOSCHZISKER, JJ. Affirmed.

Bill in equity for specific performance and for an injunction.

*Errors assigned* were (1–38) all to dismissal of exceptions relating to findings of fact and conclusions of law, but none to the final decree dismissing the bill.

*Jacob Singer*, with him *David Bortin* and *Emanuel Furth*, for appellant.

*Gordon A. Block*, with him *Clinton O. Mayer*, for appellee.

OPINION BY MR. JUSTICE BROWN, May 23, 1911:

The main prayer of the bill filed by the appellant in the court below was for the specific performance of a contract with the appellee. Under two facts found by the learned chancellor he concluded that the appellee was justified in canceling the contract and dismissed the bill. If these facts were properly found the decree inevitably followed. Counsel for appellant realized the burden that rested upon them in asking that the findings of fact by the court below should be reversed, and thirty-eight assignments of error have been filed. Only four were needed for a reversal of the decree, if the court erred in passing upon the right of the appellee to terminate the agreement and to enforce the provisions of its tenth clause. Though the numerous assignments complain of the court's findings and of what was not found, not one is to the decree, and it cannot therefore be disturbed. We have repeatedly referred to the mistake of multiplying assignments of error. As a rule, when they are unduly numerous, they are "suggestive of firing at random in the bushes in the hope that a stray shot may produce a favorable result:" Clay v. Western Maryland R. R. Co., 221 Pa. 439. Of the numerous shots fired in this case not one has hit the decree. It has escaped all of the assignments, and we must, therefore, assume it to be correct: Johnston's Estate, 222 Pa. 514. If it is right, it is of little moment what led up to it: Fullerton's Estate, 146 Pa. 61; and, as it is the wrong from which the appellant suffers, if it was improperly made, it must be assigned as error: Seltzer v. Boyer, 224 Pa. 369. The ap-

peal is dismissed at appellant's costs, and the decree affirmed, without prejudice to its right to bring an action at law for the recovery of the $300 paid on February 20, 1907, for fifty tons of oil which were never delivered.