## Heil *v.* South Easton Water Company, Appellant.

*Appeals—Assignments of error—Findings of the court below—Decree—Failure to except to decree.*

Where on an appeal in an equity case the assignments of error are directed to the findings of the court below, and to the decree, but the record fails to disclose any exception taken to the decree, the decree will be sustained. If the decree is correct, it is of little moment what led up to it.

Argued Dec. 6, 1911. Appeal, No. 210, Oct. T., 1911, by defendant, from decree of C. P. Northampton Co., Sept. T., 1910, No. 3, on bill in equity in case of U. S. G. Heil v. South Easton Water Company. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, BEAVER and PORTER, JJ. Affirmed.

Bill in equity for an injunction.

*Errors assigned* were to various findings of fact and law, and to final decree granting an injunction to which no exception was taken.

*Asher Seip*, with him *Reeder* and *Coffin*, for appellant.

*Edward J. Fox*, with him *James W. Fox*, for appellee.

OPINION BY MORRISON, J., March 1, 1912:

After disposing of thirty-seven requests for findings of fact, and nine for findings of law, and twenty-eight exceptions, the learned court below filed the following decree:

"And now, March 20, 1911, this cause came on to be heard by the court en Banc upon exceptions to the findings of fact and conclusions of law, and upon consideration thereof, it is ordered, adjudged and decreed that the exceptions are dismissed and that the injunction heretofore granted be made permanent and a perpetual injunction

issue restraining the South Easton Water Company, its
officers, agents and employees from impeding or diverting
the flow of the water which has heretofore supplied the
spring of the plaintiff, in such a manner as to interfere
with the accustomed flow, and from maintaining any
trenches or so conducting its operations upon the land
near, adjoining or adjacent to the plaintiff's spring, in such
a manner as to withdraw, divert or impede the accus-
tomed flow of the waters into the said spring and that the
defendant, its agents and employees be enjoined from in
any way impeding or interfering with the rights of the
plaintiff to the free and uninterrupted flow of the water
from the said spring, and that the defendant be com-
manded forthwith to completely stop or close the channel
or channels now existing in which water now flows and es-
capes from the places where they have placed the concrete
box and that they construct and perpetually maintain all
necessary and proper means and methods to restore the
water in plaintiff's spring as it was on September 7, 1910,
at and immediately before the defendant interfered with
it.    It is further ordered and decreed that the said South
Easton Water Company shall pay the costs of this pro-
ceeding.   Per Curiam." We find in the record twenty-nine
assignments of error and not one of them touches the final
decree.   It is apparent from the number of requests and
exceptions, and the vigorous contest made by the defend-
ant's learned counsel, that the court below traveled over
a somewhat tortuous route in reaching this decree and it
must be quite satisfactory to the learned judge to find
that his decree has not been excepted to.

We have spent considerable time in this case in examin-
ing the record and we believe the decree to be correct, and
the six judges who heard the argument agree that it
should be affirmed.   The fact that no exception was taken
to the decree relieves us of the labor of considering and
disposing of the twenty-nine assignments of error, because,
as was said by Mr. Justice BROWN, speaking for the Su-
preme Court, in Standard Soap & Oil Company v. Printz

Degreasing Company, 232 Pa. 64: "Though the numerous assignments complain of the court's findings and of what was not found, not one is to the decree, and it cannot therefore be disturbed. We have repeatedly referred to the mistake of multiplying assignments of error. As a rule, when they are unduly numerous, they are 'suggestive of firing at random in the bushes in the hope that a shot may produce a favorable result:' Clay v. Western Maryland R. R. Co., 221 Pa. 439. Of the numerous shots fired in this case not one has hit the decree. It has escaped all of the assignments, and we must, therefore, assume it to be correct: Johnston's Estate, 222 Pa. 514. If it is right, it is of little moment what led up to it: Fullerton's Estate, 146 Pa. 61; and, as it is the wrong from which the appellant suffers, if it was improperly made, it must be assigned as error: Seltzer v. Boyer, 224 Pa. 369. The appeal is dismissed at appellant's costs, and the decree affirmed," etc.

For the reason that the final decree of the court below was not excepted to, and for the further reason that we are satisfied said decree is correct, the assignments of error are all dismissed, at appellant's costs, and the decree is affirmed.