# Hoffman *v.* Strong, Appellant.

*Waters—Diversion of stream—Equity—Injunction.*

1. Where an upper riparian owner diverts waters from a stream by a ram for the purpose of domestic use, and returns the surface waters to the stream in such a way that they reach the stream below the ram of the next lower riparian owner, so that the latter is deprived of sufficient water for domestic purposes, and a portion of his land is turned into a wet and swampy place, the upper owner will be restrained by injunction from continuing such improper diversion of waters.

*Appeals—Assignments of error—Exceptions—Equity practice.*

2. Where, on an appeal from a decree in equity, the record fails to disclose any exceptions taken to the findings of fact, conclusions of law or the final decree, there is nothing before the appellate court to sustain any of the assignments of error.

Submitted March 12, 1912. Appeal, No. 6, March T., 1912, by defendants, from decree of C. P. York Co., April Term, 1910, No. 1, on bill in equity in case of George C. Hoffman v. Emanuel Strong and Jacob Masemore. Before RICE, P. J., HENDERSON, MORRISON, ORLADY and HEAD, JJ. Affirmed.

Bill in equity for an injunction.

The opinion of the Superior Court states the case.

*Error assigned* was decree awarding injunction.

·  *K. W. Altland* and *John A. Hoober,* for appellants.

*E. D. Bentzel,* for appellee.

OPINION BY MORRISON, J., March 1, 1912:

The plaintiff and Strong, one of the defendants, owned and occupied adjoining farms. In November, 1902, Strong erected a ram for the purpose of forcing water from a small stream which arose on his farm to his buildings for domestic use. The water of said stream also passed through plaintiff's farm. Hoffman also erected a ram for the purpose of conveying water from the stream which had always flowed through his land to his buildings for domestic purposes. Hoffman alleged that the defendants had unnecessarily diverted water from the stream and had turned the waste water into another channel so that it reached the stream below his ram and thereby prevented him from having sufficient water, in times of drought, for his use, and that the water so diverted was carried upon his land and created a wet and swampy place which had theretofore been dry. The parties joined issue and the court below heard a large mass of testimony and found the facts and conclusions of law which in our opinion fully warranted the decree which was made and filed on March 6, 1911, substantially granting the relief prayed for in the bill.

We have examined the appellants' paper-book and the appendix and fail to find any exceptions to the findings of fact, conclusions of law or to the decree. Under the equity rules exceptions must be filed and if no exceptions be filed all objections shall be deemed to be waived and a final decree entered by the prothonotary as of course. If exceptions shall be filed, they shall be heard upon the argument list as upon a rule for new trial, and the judge or court in banc shall have power to sustain or dismiss any of such exceptions and confirm, modify or change the decree accordingly. Upon appeal to the Supreme or Superior Court such matters only as have been excepted

to and finally passed upon by the court, shall be assigned for error. See Equity Rules, 63, 64, 65, 66 and 67, page 145 etc.

In the index to appellant's paper-book we find the following: "Exceptions taken in the court below page 12." An examination of appellant's paper-book, however, fails to disclose to us any exceptions therein. Therefore the assignments of error cannot be considered. In addition to this the final decree is not excepted to and in such case, even if the findings of fact and conclusions of law had been duly excepted to, the decree would stand unless an exception had been taken to it. In the recent case of the Standard Soap & Oil Co. v. Printz Degreasing Company, 232 Pa. 64, Mr. Justice BROWN, speaking for the Supreme Court, said: "Though the numerous assignments complain of the court's findings and of what was not found, not one is to the decree, and it cannot therefore be disturbed. . . . If it is right it is of little moment what led up to it: Fullerton's Est., 146 Pa. 61; and, as it is the wrong from which the appellant suffers, if it was improperly made, it must be assigned as error: Seltzer v. Boyer, 224 Pa. 369. The appeal is dismissed at appellant's costs and the decree affirmed," etc.

For the reason that the findings of fact, conclusions of law and final decree do not appear to have been excepted to, and for the further reason that all of the judges who heard the argument of this case are of the opinion that the decree is right, the assignments of error are all dismissed at appellant's cost, and the decree is affirmed.