# Daly's Estate.

*Evidence—Lost letter—Proof of contents—Qualification of witness.*

1. Where the determination of an issue turns upon the contents of a lost letter, a witness should be permitted to testify as to such contents, where she states that she knew the handwriting of the person who had sent the letter, that she received the letter, had it in her possession, that it came from the writer, and that it was lost and could not be found after diligent search; and this is the case although the witness may not be able to state the precise language of the writing.

*Appeals—Assignments of error—Exceptions to adjudication.*

2. A single assignment of error to the action of the orphans' court in dismissing a number of exceptions to the adjudication is improper and will not be considered.

3. An assignment of error to the exclusion of testimony will not be considered where no exception was taken to the ruling of the trial judge.

Argued Oct. 7, 1913. Appeal, No. 277, Oct. T., 1912, by Charles S. Bair, from decree of O. C. Phila. Co., Oct. T., 1911, No. 484, dismissing exceptions to adjudication in Estate of James A. Daly, deceased. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ. Reversed.

Exceptions to adjudication.

The opinion of the Superior Court states the case.

*Errors assigned* among others was decree dismissing exceptions to adjudication.

*Jacob Mathay*, for appellant.—The proposition of law is well settled, that upon proper proof of loss, the contents of a lost paper, whether a private letter, an official paper, or a paper filed in a judicial proceeding, may be proved by parol: Lewis v. Manly, 2 Yeates, 200; Armstrong v. Morgan, 3 Yeates, 529; Harvey v. Thomas, 10 Watts, 63; Richardson v. Morris, 26 Pa. Superior Ct. 192; Hemphill v. McClimans, 24 Pa. 367; Diehl v. Emig, 65 Pa. 320; Gorgas v. Hertz, 150 Pa. 538.

And the cases further hold, to make such evidence admissible, the witness must have read it, or otherwise has actual knowledge of it, and is able to testify to the substance of its contents, but need not state the precise language of the writing: Emig v. Diehl, 76 Pa. 359; Cote v. Schoen, 1 Pa. Superior Ct. 583; Gould v. Lee, 55 Pa. 99; Bolton's Est., 14 Pa. C. C. Rep. 575.

However, there must be evidence first that the letter was lost, that proof of due diligence had been made to find it, and of the inability to produce it before the contents may be given by parol: Strause v. Braunreuter, 14 Pa. Superior Ct. 125; Stern v. Stanton, 184 Pa. 468; Irwin v. Irwin, 34 Pa. 525.

*Alex. Simpson, Jr.*, of *Simpson, Brown & Williams*, with him *John R. Umsted*, for appellee.

OPINION BY MORRISON, J., December 17, 1913:

The learned auditing judge refused to allow the appellant's claim of $510.30 for the funeral expenses of Charles E. Daly and Thomas H. Daly, brothers of James A. Daly, the decedent. The appellant filed several exceptions to the adjudication which, after argument, the court dismissed and confirmed the adjudication. This ruling was based largely on the fact found by the auditing judge that the appellant had charged the funeral expenses of Charles E. Daly and Thomas H. Daly to Catherine N. Daly, their mother, and at a later date appellant's bookkeeper had written the name of James A. Daly in each account on a line above that on which the original debtor was named. It was claimed that this was done pursuant to a letter written by James A. Daly to the appellant assuming liability for said accounts. This letter was lost and was not produced at the hearing. After sufficient proof that there was such a letter, and that it had been lost, and that a diligent search failed to discover it, appellant's counsel offered to prove its contents by appellant's bookkeeper

who received the letter and made the entry of the name of James A. Daly in the accounts as above stated. The auditing judge excluded her testimony.

The ground upon which the court sustained this ruling was that if there was such a letter written by James A. Daly after appellant's claim had been charged to Catherine N. Daly, the promise alleged to have been made in the letter to pay the appellant's claim would be without consideration, a nudum pactum. On the facts before us this conclusion cannot be sustained. We do not know the contents of the letter and it is easy to imagine that it may have contained sufficient to render the writer thereof liable to the appellant for the funeral expenses above referred to.

The witness qualified herself by testifying that she knew the handwriting of James A. Daly and that she received the letter and had it in her possession and that it came from him and that it was lost and could not be found after diligent search. The law is well settled that upon such proof the contents of a lost writing may be proved by parol: Richardson v. Morris, 26 Pa. Superior Ct. 192; Hemphill v. McClimans, 24 Pa. 367; Diehl v. Emig et al., 65 Pa. 320; Gorgas, Admr., v. Hertz, 150 Pa. 538. It is also well decided that a witness who has read the lost writing, or otherwise has actual knowledge of it, and is able to testify giving his best recollection of its contents, is competent even though he cannot state the precise language of the writing: Emig et al. v. Diehl and Wife, 76 Pa. 359; Gould v. Lee, 55 Pa. 99; Cote v. Schoen, 1 Pa. Superior Ct. 583. As to the necessity of proof that the letter was lost; that due diligence had been used to find it and of the inability to produce it, to lay grounds for the proof of its contents by parol, the following cases are cited: Strause v. Braunreuter, 14 Pa. Superior Ct. 125; Stern v. Stanton, 184 Pa. 468; Irwin et al. v. Irwin et al., 34 Pa. 525.

An examination of the notes of testimony forces us to the conclusion that the learned auditing judge was

premature in his ruling and did not give appellant's counsel sufficient time to prove the contents of the letter, or at least to demonstrate that the witness was not able to testify as to its contents. We think this sufficiently appears from the following testimony: "Q. Mrs. Bair, did you know James A. Daly's handwriting? A. I think I had a letter from him to the effect—— Q. Did you know his signature? A. Yes, sir. Q. Was the signature to that the signature of James A. Daly? A. Yes, it came from him. Q. What did the letter state? Just state to the court as well as you can the contents of the letter? The Court: 'Quote the letter: You are quoting the words of a lost paper, your conclusion is not sufficient. What did the letter say? Quote what it said.' A. It was addressed to Mr. Bair. He said he had received—— The Court: I sustain the objection."

In our opinion it was the duty of the auditing judge to have instructed this witness clearly to give her best recollection of the wording of the letter. The authorities we have cited, and many others, fully sustain the proposition that a witness testifying to the contents of a lost or destroyed writing is not rendered incompetent by inability to repeat the precise wording of the writing. Indeed, no witness can be expected to repeat the full and precise language of a lost writing unless the witness had memorized the same, and this would be an unusual thing for any business man or bookkeeper to do.

In the present case it would have been much better for the auditing judge to have instructed the witness and then permitted her to give her recollection of the contents of the letter, and then determine whether or not it was sufficient to justify the appellant in charging his claim to James A. Daly. If this course had been pursued we would now have the witness' testimony as to the contents of the letter before us and we could determine whether or not the estate of James A. Daly is

liable for the funeral expenses of his brothers. It may be that the contents of the lost letter, if proved, will not be sufficient to sustain the appellant's claim against the estate of James A. Daly. Again, the witness may not be able to give satisfactory testimony as to the contents of the letter, but we think the appellant did not have a fair opportunity of showing what the letter did contain.

The first assignment of error is overruled because there is not sufficient evidence in the record to sustain it. For reasons already given we feel compelled to sustain the second and third assignments. No exception was taken to the ruling of the auditing judge as raised in the fourth assignment and it is not properly brought into the record: Cutter v. Pierson, 26 Pa. Superior Ct. 10; Com. v. Wilkinsburg Borough, 37 Pa. Superior Ct. 160. The fourth assignment is not sustained. The fifth assignment plainly violates Rule XIV of this court. It is an attempt to assign error to the action of the court upon all of the exceptions filed for the appellant to the adjudication of the auditing judge: Wright's Est., 155 Pa. 64; Johnston's Est., 222 Pa. 514. The fifth assignment is not sustained.

The second and third assignments are sustained and the decree is reversed with a procedendo.