## Rule v. Rule

*John M. Dudrick*, for plaintiff.

*Robert J. Doran*, for defendant.

FLANNERY, J., February 9, 1956.—Plaintiff filed a complaint in an action to quiet title as provided in rule 1061 of the Rules of Civil Procedure. The matter is now before the court on defendants' preliminary objections to that complaint.

It appears from the pleadings that plaintiff and her late husband owned the premises in question as tenants by the entireties, that they made what purports to be a joint will which in addition to certain personal bequests leaves to the survivor a life interest in the real estate with remainder over to defendants, children of the husband by a previous union, that the husband died on December 9, 1954, and on December 24, 1954, the will was probated. There is one additional averment: That the will was not made pursuant to a contract and was intended "for temporary purposes only, to wit, pending their visit to Canada" and upon their safe return was to be null and void.

The preliminary objections follow:

1. The court lacks jurisdiction over the subject matter of the action in that

2. The matter is now before the Orphans' Court of Luzerne County where plaintiff has an appropriate, adequate and complete remedy.

3. The complaint attempts to collaterally attack the joint will of plaintiff and her deceased husband, which has been duly probated and appears in the office of the Register of Wills of Luzerne County to no. 1519 of 1954.

4. The will having been duly probated, the only action plaintiff has is by caveat in the form of an appeal from the action of the register of wills in probating said will.

5. The complaint does not state a cause of action in equity because plaintiff has not exercised or exhausted her available remedies in the Orphans' Court of Luzerne County.

As to objections 1 and 2, what is "before the Orphans' Court of Luzerne County" is not made clear and without more we have no way of passing satisfactorily on these preliminary objections. They are, therefore, dismissed.

Objections 3 and 4 imply that plaintiff is attacking the probate of a will. We do not so construe her action. The probate stands, but she contends, as we understand the pleadings, that decedent had no real estate to will and such claim, as may be now asserted posthumously in his behalf, constitutes a cloud on her title as the surviving tenant by entireties.

Since the questions raised will be determined in the setting of that tenancy, we shall consider some of its characteristics.

We find no method by which a tenancy by entireties can be severed unilaterally: Thees v. Prudential Insurance Company, 325 Pa. 465. Each spouse is seized per tout et non per my, i.e., of the whole, or the entirety, and it is well established that the estate may be destroyed or terminated only by the joint acts of husband and wife and not by the act of one of them: Gallagher Estate, 352 Pa. 476. A tenancy by the entireties may not be dissolved or destroyed even by

divorce: O'Malley v. O'Malley, 272 Pa. 528. Neither could a purchaser from the husband acquire a right of possession during the wife's life either alone or with her: McCurdy v. Canning, 64 Pa. 39. Nor could a valid title to the immediate interest or expectancy be obtained by a sheriff's sale or under proceedings in bankruptcy: Meyer's Estate (No. 1), 232 Pa. 89. The unity of the relation of the parties results in a unity of the estate: O'Malley v. O'Malley, supra. When that unity is broken by death the purpose of the estate is accomplished and the tenancy is dissolved. In that dissolution, however, the interest of the first decedent is extinguished and title in fee vests in the survivor.

It is true, as defendants point out in raising the question of jurisdiction, the orphans' court, under the Act of August 10, 1951, P. L. 1163, art. III, sec. 301, 20 PS §2080.301, has exclusive jurisdiction of real property of a decedent, and under section 302 of the same act, as amended, 20 PS §2080.302, has concurrent jurisdiction with this court in determining the persons to whom the title to real estate of a decedent, etc., shall pass. However, as we view the facts here, there was no real property "of the decedent" and no interest in real property which survived decedent.

Nevertheless, the situation here is unique. There is a so-called joint will signed by both the husband and the wife and we must decide how this affects the title of plaintiff, if at all, and the determination of that question will determine the question of jurisdiction, whether in this court or the orphans' court.

The primary purpose of this instrument was not to devise the real estate of the first decedent. As we have seen from the discussion, supra, he had none. Its primary purpose was to limit the interest of the survivor to a life interest in her real estate. It was a writing in the form of a double will by which the survivor was to

retain the property and pass it on by devise to the children. It became the will of the survivor.

A will becomes effective at death. Since the maker of a will may ordinarily alter, modify or revoke it at any time during life, a mutual will entered into between husband and wife may be altered or revoked by the surviving spouse. If there had been a binding contract between the parties in pursuance to which the will was written, the survivor would be bound: Rhodes' Estate, 277 Pa. 450. But by a mutual will alone the makers are not bound. The rule is stated in McGinley's Estate, 257 Pa. 478, at page 483:

"It is well settled that one may enter into a valid contract to dispose by will of his property, real or personal, in a particular way, and that such will is irrevocable and the contract will be specifically enforced. There are many examples of the recognition of this doctrine in this State and other states: Cawley's Est., 136 Pa. 628; Smith v. Tuit, 127 Pa. 341; Wright's Est., 155 Pa. 64; Shroyer v. Smith, 204 Pa. 310; Lewallen's Est., 27 Pa. Superior Ct. 320; Park v. Park, 39 Pa. Superior Ct. 212; Frazier et al. v. Patterson et al., 27 L. R. A. (N.S.) 508, and notes. In Thompson on Wills, Section 28, the learned author says: 'Mutual wills, that is, where two persons execute wills reciprocal in their provisions, but separate instruments, may or may not be revocable at the pleasure of either party, according to the circumstances and understanding upon which they were executed. To deprive either party of the right to revoke such mutual wills, it is necessary to prove such wills were executed in pursuance of a contract or a compact between the parties and that each is the consideration for the other.' When such contract has been proved, the will becomes a writing containing the terms of the agreement, and satisfies the statute of frauds: Shroyer v. Smith, 204 Pa. 310."

And in referring to this authority the Superior Court in Swenk Estate, 176 Pa. Superior Ct. 513, at page 517, added significantly:

". . . Further more, where the wills on their face do not express the terms of the contract, in order to sustain the contract there must be proof aliunde the wills, and such proof must be definite, certain, clear and convincing. Culhane's Estate, 133 Pa. Superior Ct. 339, 2 A. 2d 567."

The will in question provides:

"ITEM: In the event if death should occur to either Herbert Rule or his wife, Bertha Rule, or both, the property situated on Hillside Street, Borough of Nuangola, County of Luzerne, be devised and bequeathed to the survivor until his or her death, or both, when said property is hereby willed to our two children, James Rule and Joan Rule, in share and share alike.

"We direct that our chrysler car be given and titled to our daughter, Joan Rule.

"That if any proceeds remaining from the insurances of Herbert Rule be expended to pay off the mortgage on the above mentioned property."

Clearly there is no contract in its terms. Clearly this was intended as a will only, drawn in the time honored tradition of the lay practitioner of the law which has contributed to the profession so much involved, intricate, complicated and expensive litigation.

Further, and perhaps more important, the complaint here alleges there was no contract between the parties which at this stage of the pleadings stands unanswered. Assuming that to be true, as we must for the purposes of this discussion, the legal conclusion follows inexorably and the so-called will is not binding; the surviving spouse, plaintiff, is free to do as she will with the property and any restriction on that freedom, either real or apparent, constitutes a cloud on her title

for which this action will lie. And while the complaint contains no averment that she has specifically revoked the so-called will, such is immaterial. Moreover, the action by which she seeks to rid herself of its obligation is evidence of her intent and, if it succeeds, will accomplish that purpose.

Preliminary objections 1, 2, 3 and 4 are dismissed.

Objection 5 is without merit. When defendant complains the pleading does not state a cause of action in equity, he overlooks the fact that Pa. R. C. P. 1061 created a cause of action in assumpsit and was intended to replace "not only proceedings in equity by bill quia timet but also various statutory legal proceedings": Kalyvas v. Kalyvas, 371 Pa. 371; Brucker v. Carlisle Borough, 376 Pa. 330.

Aside from the defects specifically charged by the preliminary objections, the complaint is vulnerable in at least one respect. It does not allege who is in possession of the real estate or who claims what; it sets forth no cause of action and no justiciable question.

Assuming the mutual will is of no immediate consequence, and that the common pleas has jurisdiction, yet an action to quiet title will not lie unless plaintiff is in possession; otherwise the appropriate remedy is ejectment: Buck v. Brunner, 167 Pa. Superior Ct. 142. Possession then is a jurisdictional requirement and until this omission is supplied, the action may not go forward.

We must in conclusion advert again to the preliminary objections; as a pleading, it asks no specific relief.

"Any pleading demanding relief shall specify the relief to which the party deems himself entitled. . . .": Rule 1021, 2 Anderson Pa. Civ. Pract. 408.

This rule applies to preliminary objections as has been held by this court: Brennan v. Balut, 73 D. & C. 362. In the instant case we shall take refuge in rule 126, Pa. R. C. P., which provides:

"The rules shall be liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable. The court at every stage of any such action or proceeding may disregard any error or defect of procedure which does not affect the substantial rights of the parties."

We shall, therefore, entertain the preliminary objections and sustain them as we have indicated.

Wherefore, now, February 9, 1956, the preliminary objections are sustained, the complaint is stricken off and plaintiff is permitted to file an amended complaint within 20 days from the service hereof.